The **TOWN OF EAST HAVEN** et al., Plaintiffs,

v.

**EASTERN AIRLINES, INC.**, et al., Defendants.

Civ. No. 12175.

United States District Court
D. Connecticut.
June 9, 1969.

---

William A. Blank, Brooklyn, N. Y., and Anthony V. DeMayo, of Cohen & De-Mayo, New Haven, Conn., for plaintiffs.

Robert Matthew Beckman, Washington, D. C., Special Counsel, and Roger J. Frechette, Asst. Corp. Counsel, New Haven, Conn., for defendant City of New Haven.

William R. Murphy and Louis M. Winer, of Tyler, Cooper, Grant, Bowerman & Keefe, New Haven, Conn., for defendants Eastern Airlines, Inc. and Allegheny Airlines, Inc.

TIMBERS, Chief Judge.

Defendants, City of New Haven, Eastern Airlines, Inc. and Allegheny Airlines, Inc., by their respective attorneys, having filed second motions [1] on May 27, 1969 to disqualify the undersigned judge from further proceedings in the instant case; and

The Court having heard oral argument by the attorneys for the respective parties on June 2, 1969 and having considered defendants' motions, their joint memorandum of law, all papers heretofore filed and all proceedings heretofore had herein during the year and one-half that this protracted action has been pending exclusively before the undersigned pursuant to Rule 9(g) of the Local Rules of this Court; and

The Court being of the opinion that defendants' second motions to disqualify the undersigned judge, like their first such motion, should be denied, for the reasons

(1) That the motions to disqualify are not supported by *affidavits by parties* to this proceeding as required by 28 U.S.C. § 144.

(2) That the motions to disqualify are not accompanied by *certificates of good faith by counsel of record* as required by 28 U.S.C. § 144.

(3) That the motions to disqualify are no more *timely* than the first such motion which was filed nearly eight months ago; rather than being filed "not less than ten days before the beginning of the term at which the proceeding is to be heard", as required by 28 U.S.C. § 144, the instant motions have been filed some 17 months after the still uncompleted preliminary injunction hearing began (trial of the action on the merits having been ordered consolidated with the resumed hearing on plaintiffs' motion for a preliminary injunction pursuant to Rule 65(a) (2), Fed.R.Civ.P.).

(4) That—assuming (contrary to fact) that the instant motions were timely, that they were supported by affidavits by parties to this proceeding, and that they were accompanied by certificates of good faith by counsel of record —the facts urged in support of the instant motions are insufficient as a matter of law to warrant disqualification of the undersigned judge under the statute, all as more fully set forth in the Court's Memorandum of Decision on Application to Disqualify All Connecticut Federal Judges, filed

---

1. Defendants' first motion, to disqualify all the Connecticut federal judges, was denied on November 4, 1968. Town of East Haven v. Eastern Airlines, Inc., 293 F. Supp. 184 (D.Conn.1968).

November 4, 1968, 293 F.Supp. 184.

(5) It is "well established that the statute (28 U.S.C. § 144) is to be given the utmost of strict construction in order to safeguard the judiciary from frivolous attacks upon its dignity and integrity." United States v. Valenti, 120 F.Supp. 80, 83 (D.N.J. 1954), and cases cited at 83. The Court of Appeals for this Circuit recently dismissed for lack of jurisdiction a proceeding to disqualify a district judge on the ground that the application was not accompanied by an affidavit as required by the statute. Wolfson v. Palmieri, 394 F.2d 7 (2 Cir. 1968) (per curiam), *subsequent petition to disqualify, supported by an affidavit, pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455, dismissed,* 396 F.2d 121 (2 Cir. 1968) (per curiam).

(6) Congress has made specific provision in 28 U.S.C. § 144 for disqualification of a judge upon motion of a party. The requirements of this statute are clear, unequivocal and mandatory. Such statutory requirements may not be circumvented in the manner here attempted on two occasions by defendants and their counsel.

(7) Specifically, 28 U.S.C. § 455 is no substitute for the mandatory requirements of 28 U.S.C. § 144 with respect to a motion by a party to disqualify a judge. As indicated in the undersigned's Memorandum of Decision of November 4, 1968, 293 F.Supp. 184, 186 n. 2, "[d]efendants' reliance on 28 U.S.C. § 455 appears to the undersigned to be so inapposite as not to merit discussion." The undersigned does not have any interest whatsoever, let alone a substantial interest, in this case; he has not been of counsel; he is not and has not been a material witness; and he is not so related to or connected with any party or his attorney as to render it improper, in the opinion of the undersigned, to sit on the trial and other proceedings herein, as he in fact has done during the past year and one-half. Defendants' allegation that "Judge Zampano has a close, personal relationship with Chief Judge Timbers" in that they "eat lunch regularly together", 293 F.Supp. 184, 187, obviously does not bring this case within the statutory language of 28 U.S.C. § 455 applicable to a judge being "so related to or connected with any party . . . as to render it improper, in his opinion, for him to sit on the trial . . . or other proceeding therein." I so hold. Moreover, of course, Judge Zampano is *not* a party to this action.

### ORDER

Ordered that defendants' second motions to disqualify the undersigned judge be, and the same hereby are, denied.