**Beth Ann BUMPUS et al.**

v.

**UNIROYAL TIRE CO. DIVISION OF UNIROYAL, INC.**

**Civ. A. No. 72–1372.**

United States District Court,
E. D. Pennsylvania.

Dec. 2, 1974.

712

Edward L. Wolf, Philadelphia, Pa. for plaintiffs.

Alan Klein, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DAVIS, Senior Judge:

█ Defendant has filed a Motion for Disqualification of the Trial Judge under the provisions of 28 U.S.C. § 144 be-cause of an alleged personal bias in favor of the plaintiffs in this case. Such a motion is properly addressed to and ruled upon by the Judge himself. United States v. Bell, 351 F.2d 868 (4th Cir. 1965), cert. denied 383 U.S. 947, 86 S.Ct. 1200, 16 L.Ed.2d 210, I have therefore given the matter most careful consideration, but because the supporting affidavit is insufficient as a matter of law, for the reasons to be stated, the motion will be denied.

█ While not the sole basis for my decision herein, certain procedural deficiencies necessarily affect consideration of this motion. Defendant initially filed the motion supported by an affidavit of its counsel. Title 28, Section 144, which permits the removal of a Judge for bias or prejudice, however, provides as follows:

### § 144. *Bias or prejudice of judge*

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Since the plain language of the statute denotes a procedure available only upon the filing of an affidavit of "a party to any proceeding", the affidavit of the defendant's attorney did not satisfy the statutory requirement, and on that basis the motion could well have been denied.

See, United States ex᷈ rel. Wilson v. Coughlin, 472 F.2d 100 (7th Cir. 1973); Giebe v. Pence, 431 F.2d 942 (9th Cir. 1970).

Subsequently, defendant submitted an affidavit of a corporate Assistant Secretary incorporating by reference, upon information and belief, all of the averments of its counsel's affidavit. Whether or not this additional affidavit has cured the former procedural defect is unimportant to the decision on the motion, and I will assume it is sufficient in form. Cf. Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921).

■ But the statute also requires that the disqualification affidavit be timely filed, and here too, the motion is procedurally defective. The circumstances which are alleged to have demonstrated bias occurred from two weeks to as far back as two months before the filing of this motion. While it is true that the failure to file the affidavit 10 days before the time at which the matter is to be heard may be excused for "good cause",[1] the defendant has not acted with the requisite diligence in seeking the disqualification. See, Bradley v. School Board of City of Richmond, Va., 324 F.Supp. 439 (E.D.Va., 1971). As expressed by the Court in *Bradley* at page 443:

> "The purpose, of course, of a time requirement as provided in Section 144 is to establish an essential procedural safeguard by impeding the use of Section 144 as a delaying *tactic.*"

See, also, Peckham v. Ronrico Corporation, 288 F.2d 841 (1st Cir. 1961).

■ It may be said, of course, that it is inconsistent with the interests of justice in most cases to reject any motion purely on the basis of procedural technicalities. But our courts have long recognized that, in this sensitive area of claimed partiality on the part of a Judge, strict construction of the statuto-

ry provisions is essential to prevent abuse and to insure the orderly functioning of the judicial system. See for example, United States v. Womack, 454 F.2d 1337 (5th Cir. 1972); Peckham v. Ronrico Corp., 288 F.2d 841 (1st Cir. 1961); Scott v. Beams, 122 F.2d 777 (10th Cir. 1941), cert. denied 315 U.S. 809, 62 S.Ct. 794, 86 L.Ed. 1209; Town of East Haven v. Eastern Airlines, Inc., 304 F.Supp. 1223 (D.Conn.1969); United States v. Gilboy, 162 F.Supp. 384 (M.D.Pa., 1958). These policies would be enough to justify the denial of defendant's motion because of its procedural flaws alone. In this particular case, however, defendant's affidavit is wholly devoid of substantive merit as well.

The essential averment in the affidavit is that the Trial Judge was at one time, more than eleven years ago, a law partner of one of plaintiffs' counsel. In light of this former association, the affiant charges that by my decision to grant a continuance at the request of plaintiffs earlier in the case and my subsequent decision to deny a motion for a continuance by defendant, I have exhibited a bias in favor of the plaintiffs.

■ It is the Court's duty herein to pass upon the legal sufficiency of the facts alleged, accepting as I must the truth of the allegations themselves. United States v. Townsend, 478 F.2d 1072 (3d Cir. 1973). The facts in the affidavit, as stated in the leading case of Berger v. United States, supra, "must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." Under the statutory authority, only "a personal bias or prejudice", founded upon an attitude of extrajudicial origin, can require recusal. Wolfson v. Palmieri, 396 F.2d 121 (2d Cir. 1968). Prior rulings of the Court cannot provide such a factual basis. Ex parte American Steel Barrel Co., 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379; see also, Brown v. Wilson, 363 F.

---

1. The case was scheduled for trial on November 20, 1974. Defendant's original motion was filed on November 15 and its curing affidavit not until November 19.

Supp. 707, 710 (W.D.Pa., 1973) and cases cited therein. To demonstrate this necessary kind of personal bias, the affidavit must set forth more than mere adverse rulings since the statute authorizing disqualification was never meant to be a substitute for an appeal.[2]

■ More specifically, courts have held that rulings on continuances are insufficient to support a claim of bias or prejudice. See, United States v. Ming, 466 F.2d 1000 (7th Cir. 1972); Cuddy v. Otis, 33 F.2d 577 (8th Cir. 1929).

■ Therefore, excluding any consideration of such rulings in this case, there remains only the fact of my prior law partnership with one of the attorneys representing the plaintiffs. The affidavit makes reference to Title 28, Section 455, as a basis for disqualification and states that the Court, in the language of the statute, is "so related to or connected with" plaintiffs' attorney as to render it improper for me to sit on this case. No other factual allegations are made in this regard. The mere fact that a Judge was more than a decade ago a law partner of an attorney who later appears before him is patently insufficient to require disqualification. Such an allegation, by itself, in no way can give "fair support" to a charge of bias. To hold otherwise would mean that Judges would have to recuse themselves in every case in which a litigant could point to the single fact of a prior association with a party or his attorney and would set a precedent that would certainly prove troublesome, to say the least, to every member of the Federal Judiciary.[3] It has been the policy of the Judges in this district to abstain from any case involving their former law firms for a period of two years after

coming to the Bench. Certainly, a decision that could be construed to extend that restriction to ten years or more would unreasonably interfere with the functioning of this or any Court.

What has been said thus far would adequately dispose of the motion upon consideration of the supporting affidavit alone. However, defendant's counsel makes an additional argument in a supplemental brief, which, although it adds nothing to the factual averments of the affidavit, is deserving of some comment.

Essentially, counsel admits that a Judge's prior rulings cannot be the basis for a finding of bias and that mere former association with a litigant's attorney is insufficient to require disqualification, yet he nonetheless argues that, in this particular case, the two averments when viewed together combine to give the appearance of bias or a lack of impartiality.

This notion finds its expression in Canon 3(c)(1) of the Code of Judicial Conduct for United States Judges:

"A Judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned. . . ."

Commenting on this general principle, the Code's Reporter notes, as defense counsel has pointed out, that recusal should follow whenever the conduct alleged would lead *"a reasonable man knowing all of the circumstances* to the conclusion that the Judge's 'impartiality might reasonably be questioned.'" (Emphasis added). Of course, this Court unequivocally endorses this ethical precept, and yet I have no doubt whatsoever that no lack of impartiality reasonably appears under the circumstances of this case.

> "It must be said that I, like every other judge, claim personal friendship with many officials and people in the area. There would be very few cases upon which a Judge would be qualified to sit if this were ground for recusation."

2. In case there be any doubt, it is clear that the denial of a continuance is reviewable on appeal. Cf. Gaspar v. Kassm, 493 F.2d 964 (3d Cir. 1974).

3. Cf. Broome v. Simon, 255 F.Supp. 434 at page 438 (W.D.La.1965) wherein the Court was faced with a similar situation and it noted:

As noted before, no additional facts are presented by the defendant to support its counsel's assertions. For purposes of determining whether disqualification under Section 144 is warranted, these legal arguments cannot provide the prima facie factual basis that a party's affidavit otherwise lacks. Subjective conclusions or opinions that bias or the appearance of impropriety may exist are insufficient to require a Judge's disqualification. United States v. Townsend, supra; Hodgson v. Liquor Salesmen's Local No. 2, of State of New York, 444 F.2d 1344 (2d Cir. 1971).

Defendant's dissatisfaction with the Court is derived from my denial of its Motion for a continuance in order to accommodate the availability of its expert witnesses to appear at trial when at an earlier time a continuance for similar reasons was granted to the plaintiffs. To say that I have acted with favor towards the plaintiffs, allegedly because of my prior partnership and continued personal friendship with one of plaintiffs' counsel, is to totally disregard the *objective* facts and circumstances that led to my rulings. It overlooks the fact that the plaintiffs' request was uncontested and the defendant's later motion was strenuously opposed. It overlooks as well the many proper considerations that played a part in my denial of defendant's motion, all of which are set forth in my Memorandum Opinion filed on November 21, 1974, appearing herein in an Appendix. In the end, it is clear, and I am so convinced, that the Court's conduct in this case, and hopefully in all cases, not only gives the appearance but also demonstrates the fact, not of bias or impropriety, but of considered judicial reasoning and dutiful impartiality.

I therefore hold that defendant's affidavit in support of its motion is insufficient on its face to require my disqualification in this case. In this decision, I have been guided by the sound principle that it is as much my obligation not to recuse myself when there is no occasion to do so as there is to do so when there is. United States v. Ming, supra; Wolfson v. Palmieri, supra.

## ORDER

And now, this 2nd day of December 1974, for the reasons stated in the foregoing Memorandum, Defendant's Motion for Disqualification will be, and hereby is denied.

## APPENDIX

## MEMORANDUM OPINION

(Filed November 21, 1974)

DAVIS, Senior Judge.

This Memorandum is being filed in support of my Orders of October 31, 1974 and November 7, 1974, denying first defendant's request and later his formal motion for a continuance.

Lest there be confusion, the procedural events should be briefly summarized. This case was originally specially listed for trial to commence on November 18, 1974. The Court's Order of October 31, 1974 was directed to correspondence from counsel on both sides respectively requesting and opposing a continuance of the trial. (See Mr. Klein's letter of October 24, 1974; Mr. Wolf's letter of October 28, 1974). On the following day, November 1, 1974, prior to receipt of the October 31st Order, defendant filed a motion for a continuance, to which plaintiffs duly replied and defendant further responded. Upon reconsideration of the facts and arguments presented, the motion was denied on its merits, but the trial date was nonetheless set back to November 20, 1974. This was done in some measure because of the Court's understanding that a case then on trial would not conclude prior to the trial date of this case, but also with the hope that defendant's counsel could thereby resolve the problems that caused him to seek a continuance.

The crux of defendant's contention is the inability of his expert witnesses, due to commitments to appear in other courts in other jurisdictions, to be

present here if this case goes to trial as scheduled. Without their testimony, it is asserted, the defendant will be foreclosed from presenting a liability defense. Such a situation, without more, would ordinarily be a compelling reason for the postponement of the trial.

But circumstances in this case prevent the Court from granting the customary continuance. The trial date here was specifically requested by counsel for the defendant to accommodate the availability of his expert witnesses. A special listing was given for November 18, a date agreeable to all parties and well-placed in the Court's own calendar. Subsequently, due in part to an administrative oversight, confusion arose as to whether or not the case would be called to trial as scheduled. Defendant's counsel derived the impression, not entirely on his own, that it would not and notified his expert witnesses to that effect. The matter, however, was resolved on October 16, 1974, when our Deputy Clerk reconfirmed the special listing for November 18, with notices to all counsel. In the interim, defendant's expert witnesses, apparently involved in a vast number of lawsuits in jurisdictions all across the country and abroad, made immediate commitments elsewhere.

Regardless of any prior confusion or uncertainty, the trial date for this case was definitely set as of October 16, 1974. Although the need for a continuance would seem to have been readily apparent, defendant's counsel did not request one until by letter dated October 24, 1974. The request was strenuously opposed by plaintiffs in a letter from their counsel of October 28, 1974, which detailed his clients' serious financial plight and the necessity for a prompt resolution of their claims.[1] Because of the significant personal prejudice to the plaintiffs that would come from a continuance, we denied defendant's request.[2] Significant also was the fact that the Court's trial calendar, as well as the availability of defendant's experts, were both such that, if continued, this case could not be heard before sometime in January, 1975. The formal motion and reply that followed were merely reiterations, and a continuance again was denied except as noted previously.

In assessing the whole matter, therefore, not only would undue prejudice result to the plaintiffs from a continuance, there is also no equal detriment here demonstrated to the defendant. The trial date was clearly known more than one month in advance. Without intending to comment on the diligence of defendant's counsel, it is inconceivable to this Court that some arrangements could not be made to secure the testimony of his expert witnesses at trial by some means. It is precisely for such situations where a witness's personal appearance proves impossible that our courts have allowed the expanded use of depositions at trial, and in particular the use of video-tape depositions which can as effectively present testimony as a witness in the courtroom in person.

The postponement of this trial is simply not sufficiently compelled.

Moreover, it is not inappropriate here to comment on certain principles. So often reference is made to the backlogs in our courts, and yet, it is with individual cases that Judges must deal, recognizing always that speedy justice, in civil as well as criminal cases, is of utmost importance, particularly in this age of grave skepticism about the functioning of our governmental system. We recognize also the rightful desire of litigants and their counsel to present ex-

---

1. Plaintiffs and their family were to be evicted from their home for non-payment of rent, but arrangements were apparently made to forestall this consequence upon assurances that this case would come to trial on November 18.

2. Defendant argues that such matters should not cause courts to "rush to judgment" in cases where neither plaintiff or defendant may be properly prepared, but this is not such a case. All parties at one time agreed that they could be ready for trial on November 18.

perienced witnesses in the most effective way possible, which sometimes means that only one or two experts must appear in practically all of the cases in which a particular party is involved. On the other hand, however, our court calendars and the administration of justice cannot be controlled by the availability of expert witnesses who find that they must be continuously at depositions or in court. A balance must be drawn as is equitable in each case, within the Court's discretion. Where undue prejudice, such as in this case, would result to one of the parties, and no countervailing reasons prevail, we properly deny a continuance. Cf. Gaspar v. Kassm, 493 F. 2d 964 (3d Cir. 1974).

For all of these considerations, we are constrained to deny the request and the motion for a continuance.