**W. CLAY JACKSON ENTERPRISES, INC. et al., Plaintiffs,**

**v.**

**GREYHOUND LEASING & FINANCIAL CORPORATION et al.**

Civ. No. 75–786.

United States District Court, D. Puerto Rico.

Jan. 30, 1979.

González & Torres, Santurce, P. R., Manuel Moreda Toledo, Wallace González-Oliver, San Juan, P. R., Harvey B. Nachman, Santurce, P. R., for plaintiffs.

Francis, Doval, Colorado & Carlo, San Juan, P. R., Robert Ehrenbard, Howard M. Loeb, New York City, for defendants.

ORDER

TORRUELLA, District Judge.

On January 24, 1979 Defendants filed a letter motion with the Clerk requesting the recusal of the undersigned Judge, in which

they stated as grounds for said action that they were acting "[i]n accordance with Judge Torruella's suggestion and the request of our clients . . ." Thereafter a motion accompanied by various exhibits and an affidavit was filed pursuant to 28 U.S.C. § 455. The substance of this motion is that the undersigned "has personal knowledge of disputed evidentiary facts concerning this action and has personal bias and prejudice against the Defendants."

Said matter was referred to Chief Judge Hon. José V. Toledo who held an evidentiary hearing on January 26, 1979 and denied Defendants' motion with a bench ruling.[1]

I most respectfully disagree with this decision and hereby recuse myself. The circumstances require that I enter an explanation of my action.

This case is one of the oldest active cases before this Judge. Throughout its pendency it has been characterized by vigorous and aggressive advocacy by counsel for all parties, some of it justified. In the balance, however, it has become crystal clear that Defendants and their counsel, in an apparent overpowering show of economic strength, have, by their subversion of the processes of the law, particularly their gross abuse of the mechanisms of discovery, attempted to deny Plaintiffs' right to a fair day in court. This Court has exercised utmost restraint in taking action on this matter, but is duty bound to prevent such flagrant assaults upon the due processes of Justice.

On September 29, 1978, during the course of a hearing on various pending motions, the record reflects that the following interchange took place (at page 24 of the transcript):

"THE COURT: There is something I think I should state for the record right now because from looking at this, I have been reminded of something.

When I was in private practice, I did some labor work for a company known as Flexicore Puerto Rico, Inc., and I notice one of the companies are involved in litigation here. I don't know if that presents a problem or not.

I am not asking you to answer now because I don't think it would be fair, but if any of the parties feel that it does present a problem, then I am going to give you gentlemen an opportunity to do so in writing. You can do so by notifying the Court. I don't even have to know who raises it.

MR. EHRENBARD: The only party that could possibly be prejudiced by it is ourselves, Your Honor, and we certainly have no objection.

THE COURT: Very well. Go ahead."

Mr. Robert Ehrenbard, Esq., of the New York firm of Kelley, Drye & Warren, who was admitted to this case on motion, is the same counsel who filed the letter and motions subject of this order.

Thereafter numerous and diverse motions were filed by Defendants. Although keeping the score is not a function of this Court, we note that the record reveals that Defendants were successful as to various matters raised, including the dismissal of the claims of Plaintiff Robert Griggs, as well as in many of their requests pertaining to discovery.

In an obvious attempt to postpone the February 5th, 1979 trial setting (which had been set by the Court since March, 1978 and which had been firmly reiterated by the Court on numerous interim occasions), Defendants filed several additional motions in January, 1979 requesting, among other matters, a two-year trial continuance. On January 15, 1979 these motions were denied and the parties advised that the Court would not tolerate further dilatory of obstructive actions by the parties or their counsel.

■ It is clear to us that the filing of the recusal motion by Defendants is a last ditch

---

1. A written opinion has not yet been entered.

effort to seek postponement of the trial setting. Furthermore, this Judge is well aware that he has an obligation to the parties in a case, and to his fellow judges, not to recuse himself when valid grounds are not raised. *Wolfson v. Palmieri,* 396 F.2d 121 (C.A.1, 1968); *Hawaii-Pac. Venture Capital Corp. v. Rothbard,* 437 F.Supp. 230 (D.C.Hawaii, 1977), appeal dismissed, 564 F.2d 1343 (C.A.9, 1977). Unfortunately, at the hearing of this incident (in which undersigned was called as a witness by Defendants), a reasonable doubt has been raised in this Judge's mind regarding the possibility that facts which may have come to his knowledge while acting as labor counsel in a collective bargaining negotiation in 1969, may be "disputed evidentiary facts concerning [this] proceeding" within the meaning of 28 U.S.C. § 455(b)(1).

■ Notwithstanding Defendants' bad faith delay in acting on this matter, we believe that such doubt must be resolved in favor of disqualification, inasmuch as it is statutorily mandated and cannot be waived by any party. *S C A Services, Inc. v. Morgan,* 557 F.2d 110 (C.A.7, 1977); cf. *Bradley v. Milliken,* 426 F.Supp. 929 (D.C. Mich.1977). The statute further makes no exception by virtue of the jury nature of this case.

Considering the above, we hereby disqualify ourselves and reassign this case for trial on February 12, 1979 at 9:00 A.M. before the Hon. Hernán G. Pesquera.

IT IS SO ORDERED.