**Leon H. BRODY, Plaintiff, Appellant,**

v.

**PRESIDENT & FELLOWS OF HARVARD COLLEGE, Defendant, Appellee.**

**Nos. 80–1595, 80–1685.**

United States Court of Appeals, First Circuit.

Submitted Nov. 2, 1981.

Decided Nov. 16, 1981.

Leon H. Brody, pro se.

Richard P. Ward, Eleanor D. Acheson, and Ropes & Gray, Boston, Mass., on memorandum in support of motion from summary disposition for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

PER CURIAM.

Appellant Leon Brody was denied employment as a librarian in defendant's library system. Claiming that age discrimination was the basis for his rejection, he retained an attorney and ultimately sued in the district court under the Age Discrimination in Employment Act. After a trial without a jury, the court entered judgment for defendant. Plaintiff brings this appeal *pro se.*

Appellant's first and principal point is that the district judge, who graduated from defendant Harvard College, was disqualified by 28 U.S.C. § 455(a), which provides that a judge recuse himself if "his impartiality might reasonably be questioned." Appellant acknowledges that the judge disclosed his alumnus status at a pre-trial conference and that his attorney explicitly assented to the judge's continuing with the case. He maintains that his attorney's agreement did not amount to a waiver under section 455(e) since appellant was not present. He also argues that the judge's disclosure was insufficient since it was not "on the record," *id.*, as the conference was not recorded. Appellant also maintains that the disclosure was not "full" in that the judge did not disclaim such matters as any possible prior contact with witnesses or any subjective bias.

■ The short answer to appellant's contentions is that a judge's having attended or graduated from a school, which is a party, without more, is not a reasonable basis for questioning his impartiality. As the terms of section 455's additional explicitly mandated bases for recusal suggest, a reasonable suspicion of bias will usually arise only in the presence of such factors as a financial or strong personal interest in one of the litigants. *See generally* Annot., 40 A.L.R.Fed. 954 (1978). While no cases appear to have been decided on this specific issue, we do not think it reasonable to doubt a judge's impartiality simply on the basis of his prior status as a student. *Cf. Morgan v. Kerrigan,* 530 F.2d 401, 425–27 (1st Cir.), *cert. denied, sub nom. McDonough v. Morgan,* 426 U.S. 935, 96 S.Ct. 2648, 49 L.Ed.2d 386 (1976) (masters and experts not disqualified from participation in case due to relationship with Harvard University, where attorneys from Harvard Center for Law and Education helped represent plaintiffs). The sentiment generated by such contact is not likely to be strong enough to create bias, any more than would a judge's ordinarily amicable feelings toward a wide range of community, charitable and other non-profit institutions which are regularly litigants.

■ All judges come to the bench with a background of experiences, associations and viewpoints. This background alone is seldom sufficient in itself to provide a reasonable basis for recusal. *See generally Eisler v. United States,* 170 F.2d 273, 278 (D.C.Cir. 1948), *cert. dismissed,* 338 U.S. 883, 70 S.Ct. 181, 94 L.Ed. 542 (1949). A judge's sex and history of support for civil rights, for example, have been held insufficient to require disqualification in a case involving allegations of sex discrimination. *See Blank v. Sullivan & Cromwell,* 418 F.Supp. 1 (S.D.N.Y.1975). The mere association of a judge with a party, without indication that the judge stands to obtain financial or other gain from a particular outcome, may similarly be insufficient to mandate disqualification. Membership of a judge in the American Bar Association, for example, did not require recusal in a case where the ABA was a party. *See* Advisory Comm. on Judicial Activities, Advisory Opinion No. 52 (August 15, 1977). Analogies to other cases where recusal has been denied also support the result we reach here. *See generally Parrish v. Board of Commissioners of Alabama State Bar,* 524 F.2d 98 (5th Cir. 1975); *Weiss v. Hunna,* 312 F.2d 711 (2d Cir.), *cert.*

*denied,* 374 U.S. 853, 83 S.Ct. 1920, 10 L.Ed.2d 1073 (1963); *MacNeil Brothers Co. v. Cohen,* 264 F.2d 186 (1st Cir. 1959).

Further, where the interest asserted bears only a tangential relationship to the subject matter of the suit, the alleged bias is even further attenuated. *See,* Note, *Disqualification of Judges and Justices in the Federal Courts,* 86 Harv.L.Rev. 736, 754 (1973). This is certainly true here: an alumnus' interest in the general welfare of his alma mater hardly seems likely to manifest itself in a bias concerning a single staff employment decision. We would add, especially at a time when the judiciary is responsible for handling an ever mounting sea of litigation, that, "There is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is," *In re Union Leader Corp.,* 292 F.2d 381, 391 (1st Cir. 1961); *see Blizard v. Frechette,* 601 F.2d 1217, 1220–21 (1st Cir. 1979); H.R.Rep.No. 93–1453, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad.News 6351, 6355 (amendments to section 455 abolished so-called "duty to sit" doctrine).

Without deciding whether on this record appellant can argue bias based on the judge's conduct at trial, we find that appellant has failed to convince us that the judge's failure to record a pre-trial conference and to grant a discovery motion, his disapproval of appellant's Rule 10(c) statement of evidence, the granting of a motion *in limine,* and the judge's findings of fact showed the appearance of prejudice. To the extent that appellant may be understood in connection with these and other points to ask us to reverse on the grounds that the court's findings were clearly erroneous, his failure to produce a transcript bars the way. Fed.R.App.P. 10(b)(2).

We are also unpersuaded by appellant's other arguments relating to bias. Even if the judge's education were a subject required to be disclosed by section 455(a), it is too late for appellant to second guess his attorney's waiver; civil litigants are ordinarily bound by their attorneys' tactical decisions. We also see no prejudice in

these particular circumstances from the fact that the judge's disclosure was made at an unrecorded conference. Nor is there any merit to the suggestion that the judge was required to go an extra mile disclaiming prior contact with witnesses, etc.

In summary, appellant has produced nothing to suggest that he was denied a fair opportunity to present his claim and have it impartially decided.

*The motion for summary affirmance is granted. The judgment of the district court is summarily affirmed.*