**Carlos R. Rivera CARBANA, Plaintiff,**

v.

**Dr. Ramon A. CRUZ, etc., Defendants.**

**Civ. No. 83–0929 HL.**

United States District Court,
D. Puerto Rico.

Sept. 25, 1984.

Carlos R. Rivera Carbana, Bayamón, P.R., pro-se.

Willian Estrella, San Juan, P.R., for defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

On July 10, 1984, this Court filed its Opinion and Order dismissing plaintiff's pro se complaint, predicated on alleged civil rights violations. 588 F.Supp. 80. Because plaintiff's claim was frivolous and groundless, as well as unreasonable in the light of prior litigation involving the same issues, both in the insular and federal courts, in the sound exercise of the discretion afforded by the Civil Rights Attorneys Fees Award Act, 42 U.S.C. § 1988,[1] the Court ruled that defendants were entitled, as prevailing parties, to an award of attorney's fees. *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

Defendants filed their application for fees and a hearing thereon was set for September 4, 1984, following denials of plaintiff's post judgment motions.

On August 28, 1984, plaintiff filed a motion to disqualify the undersigned judge on the grounds of personal bias and prejudice against plaintiff "or in favor of any adverse party."

I.

## TIMELINESS AND SUFFICIENCY OF AFFIDAVIT.

■■■ We start with the proposition that it is the primary duty of the judge against whom an affidavit of bias or prejudice is filed to pass on the legal sufficiency of the facts alleged in the affidavit, and its timeliness.[2] *Action Realty Co. v. Well*, 427 F.2d 843 (7th Cir.1970). To safeguard the judiciary from frivolous attacks on its dignity and integrity, affidavits of disqualification for bias are to be strictly construed for form, timeliness and sufficiency. *Radamacher v. City of Phoenix*, 442 F.Supp. 27 (D.C.Ariz.1977); *Bumpus v. Uniroyal Tire Co.*, 385 F.Supp. 711 (D.C.Pa.1974); *Town of East Haven v. Eastern Air Lines, Inc.*, 304 F.Supp. 1223 (D.C.Conn.1969); *U.S. v. Moore*, 405 F.Supp. 771 (D.C.W.Va.1976).

### A. TIMELINESS.

■■■ The motion to recuse comes after judgment was entered and post trial motions were denied. The Opinion and Order dismissing the complaint was filed on July 10, 1984, and judgment was entered thereon on July 20, 1984. The motion for recusal was filed on August 28, 1984, subsequent to this Court's order of August 22, 1984, scheduling a hearing on defendant's application for attorneys' fees. In order to disqualify a judge, a timely objection must be made, otherwise the objection is waived. *U.S. v. Hall*, 424 F.Supp. 508, affmd., 536 F.2d 313, cert. den., 429 U.S. 919, 97 S.Ct. 313, 50 L.Ed.2d 285; *Andrews, Mosburg, Davis, Elam, Legg & Bixter, Inc. v. General Ins. Co. of America*, 418 F.Supp. 304 (D.C.Okl.1976). Accordingly, a motion for disqualification is untimely and becomes moot when filed after judgment. *Kent v. Regional Office of Am. Friends Service Committee*, 497 F.2d 1325, 1330 (9th Cir. 1974); *Weber v. Coney*, 642 F.2d 91, 92 (5th

---

**1.** The statute provides in relevant part:
 "In any action or proceeding to enforce a provision of ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fees as part of the costs."

**2.** The Court must focus on the legal sufficiency of the affidavit, but cannot consider the truth or falsity of the allegations. *Berger v. United States*, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921); *U.S. v. Clark*, 605 F.2d 939 (5th Cir. 1979).

Cir.1981); *U.S. v. Hall,* 424 F.Supp. 508, affmd., 536 F.2d 313; *Davis v. Cities Service Oil Co.,* 420 F.2d 1278 (10th Cir.1970). Plaintiff's motion filed 19 days after entry of Judgment is clearly untimely.

## B. SUFFICIENCY OF AFFIDAVIT.

Plaintiff's affidavit is a mixture of conclusory allegations, legal arguments, hearsay speculations, non sequiteurs, and irrelevant matters. Plaintiff asserts that attorney Harvey Nachman, a former law partner of the undersigned judge, is at present counsel for the undersigned judge. Plaintiff further alleges that: "Attorney William Estrella, representing defendants in the above captioned case, and Attorney Harvey Nachman, have been law partners for many years, and they too enjoy an ongoing professional relationship, jointly litigating cases in the Federal District Court. Attorney William Estrella, Harvey Nachman, and District Judge Héctor Laffitte are so closely connected, that District Judge impartiality might be reasonably questioned." [3] Plaintiff does not specify or detail the nature, time, conditions, or circumstances of such "connection" between said attorneys and undersigned judge.

Another allegation made by plaintiff asserts: "... but this Judge, that according to the News Media, has been somehow linked to that Agency [F.B.I.], prior to his appointment, ignore plaintiff's requests to the extent that plaintiff claim to the Inconstitutionality of Section 1782 was completely ignored by this Court..." Finally, plaintiff asserts that certain findings in the Court's Opinion and Order in support of the fee award, constitute grounds for recusal. Plaintiff then concludes: "Plaintiff attribute attitude of District Judge to his pro-se status."

 An examination of plaintiff's affidavit for disqualification shows that it is legally insufficient. It contains conclusory allegations devoid of sufficient facts. It

fails to set forth adequate and specific circumstances to support the allegation that the undersigned judge is personally biased or prejudiced, or that the undersigned judge's impartiality might reasonably and objectively be questioned. *In Re United States,* 666 F.2d 690 (1st Cir.1981); *Brody v. Pres. of Fellows of Harvard College,* 664 F.2d 10 (1st Cir.1981); *Home Placement Service, Inc. v. Providence Journal Company,* 739 F.2d 671 (1st Cir.1984). Thus, a party cannot subjectively say that a judge is prejudiced and thereby, ipso facto, disqualify a judge. Instead, facts must be presented that, assuming their truth, would lead a reasonable person to believe that the judge's impartiality or fairness may be questioned. *U.S. v. Cowden,* 545 F.2d 257 (1st Cir.1976); cert. den. 430 U.S. 909, 97 S.Ct. 1181, 51 L.Ed.2d 585; *Blizard v. Frechette,* 601 F.2d 1217, 1220 (1st Cir.1979).

"... appellant argues that the Judge's recitation of record support for all of his less-than-complimentary findings of fact demonstrates a subjective, self-justifying approach to the section 455(a) issue where an objective evaluation of the appearance created by his prior words and acts was called for. We disagree. As a finder of fact ..., a trial judge must give his candid evaluation of plaintiff's case. *If a case is weak to the point of frivolousness, it is appropriate to say so.* (Emphasis added.) Id., at 1220.

Accordingly, disqualification is not required if an allegation that a judge might not be impartial is only speculative, conclusory, spurious, or vague. *Smith v. Pepsico,* 434 F.Supp. 524 (S.D.Fla.1977); *Mavis v. Commercial Carriers,* 408 F.Supp. 55 (C.D.Cal. 1975); *Wounded Knee Legal Defense Offense Committee v. F.B.I.,* 507 F.2d 1281 (1974). In short, when an affidavit of prejudice does not meet the requirements imposed by 28 U.S.C. § 144 or 28 U.S.C. § 455, the Judge has no obligation to disqualify himself. *U.S. v. Anderson,* 433 F.2d 856 (8th Cir.1970). As a matter of

---

**3.** Mr. Harvey Nachman is not and has not acted as counsel in this case in any manner, as the record of this case shows. The undersigned judge, upon taking office, issued an order dis-

qualifying himself in Mr. Nachman's cases as per the attached Opinion and Order in Civil case 82–3063 (HL), dated September 2, 1983, which is annexed hereto as an Appendix.

law, the trial judge is equally obligated not to recuse himself when the facts do not give support to a charge of prejudgment. *U.S. v. Dioro*, 451 F.2d 21 (2nd Cir.1971), cert. den. 405 U.S. 955, 92 S.Ct. 1173, 31 L.Ed.2d 232; *U.S. v. Devlin*, 284 F.Supp. 477 (1968).

Plaintiff, a disgruntled and pertinacious litigant, seeks a review of the Court's Opinion and Order filed on July 10, 1984. The foregoing is apparent from plaintiff's affidavit closing remarks, to wit: "... so the District Court erred in his [sic] remarks against plaintiff in Opinion and Order the 9th of July, 1984." The short answer to this inarticulate allegation is that the disqualification statutes were never meant to serve as a substitute for reexamination, review, or appeal, where the alleged bias is predicated on adverse ruling or decision in the past or possible expectation that a pending or present matter might be decided adversely. *Sperry Rand Corp. v. Pentromix, Inc.*, 403 F.Supp. 367 (D.C.Pa.1975). It is significant that the motion for disqualification comes on the eve of a hearing to assess attorney's fees against plaintiff.[4]

The insufficiency of plaintiff's affidavit as to timeliness, facts, and form mandates denial of the motion to recuse. Plaintiff's affidavit of judicial prejudice is procedurally incorrect and legally insufficient. *Selfridge v. Gynecol, Inc.*, 564 F.Supp. 57 (D.C.Mass.1983). To borrow the words of Judge Nelson in *Selfridge v. Gynecol, Inc., supra*, the conduct of plaintiff—a pro se litigant—"manifests an appalling degree of irresponsibility." During oral argument plaintiff stated that he did not know the nature of the relationship between counsel Nachman and counsel Estrella, even though he asserted under oath that they have been law partners; that he had just read in the June 28, 1984 edition of the newspaper El Mundo, that there was a $50,000 jury award in a prisoner's case where the complaint was filed by Mr. Nachman and Mr. Estrella; that said case was totally unrelated to this case and tried before another judge of this Court. As to the alleged relationship of this judge, while practicing law, with the F.B.I., plaintiff's allegations shed no light, are incongruous, vague, and unrelated to this case. The Court feels tempted to impose additional attorney's fees on plaintiff.[5] However, the Court has noted that plaintiff, a veteran, may not completely comprehend the seriousness of his allegations.

## II.

## DEFENDANT'S APPLICATION FOR ATTORNEYS' FEES UNDER THE CIVIL RIGHTS ATTORNEYS FEES ACT.

The Court having previously determined that defendant, as a prevailing party, was entitled to an award of attorneys fees under 42 U.S.C. § 1988, held a hearing on this matter. Defendant submitted the number of documented hours of services rendered in this case, totalling 31.5 hours, which is to be multiplied by a reasonable hourly rate. The Court finds that counsel Estrella's rate of $60.00 per hour is very reasonable, and as a matter of fact, is below the hourly rate charged in this jurisdiction by other attorneys of equal competence and experience. Accordingly, the Court awards defendants attorney's fees in the sum of $1,890.00. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Blum v. Stenson*, 104 S.Ct. 1541 (1984); *Lamphere v. Brown University*, 610 F.2d 46 (1st Cir.1979).

WHEREFORE, the motion for disqualification is hereby DENIED, and defendants are awarded the sum of $1,890.00 in attorney's fees.

IT IS SO ORDERED.

---

4. A hearing on this Court's ruling awarding attorneys' fees to defendant was scheduled for September 4, 1984, exactly seven days prior to the filing of plaintiff's motion to recuse.

5. The recent revision of Rule 11 of the Federal Rules of Civil Procedure emphasizes that an attorney or a *pro se litigant* must have good grounds, *after reasonable inquiry*, when filing pleadings with the Court requesting relief. See, *Burnett, et al., v. Grattan*, —— U.S. ——, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984).

APPENDIX

IN THE UNITED STATES
DISTRICT COURT

FOR THE DISTRICT OF
PUERTO RICO

GUILLERMINA CORTEZ QUIÑONES
and ALBERTO ALMODOVAR
MEDINA, Plaintiffs

v.

CHARLES JIMENEZ NETTLESHIP,
et al., Defendants

CIVIL NO. 82–3063 (HL)

OPINION AND ORDER

Following my induction to this Court, the above entitled case was transferred to me. After reviewing said case, I hereby disqualify myself for the following reasons:

Mr. Harvey B. Nachman, counsel for the plaintiff herein, acted as attorney for the undersigned judge in the recently decided case of In Re *Rafael Hernández Colon, et al.* Misc. No. 80–0052, U.S. District Court of Puerto Rico, a disbarment proceeding against said respondents, wherein Mr. Nachman was sole counsel for the undersigned judge, Petitioner therein. In addition thereto, Mr. Nachman had been a former law partner of the undersigned judge from 1966 to 1969.

The mere fact that the undersigned judge had been law partner of plaintiff's counsel, without more, would have been insufficient to trigger this order.[1] However, the combination of these two factors, creates a question in the mind of the undersigned judge about the propriety of his sitting in Mr. Nachman's cases in this Court, at least for a certain period of time.

The goal of the judicial disqualification statute[2] is to foster the appearance of impartiality, and any inconvenience that might be caused to my brethren by disqualification thereunder, "is more than outweighed by the need to protect the dignity and integrity of the judicial process." *Potashnick v. Port City Construction Co.,* 609 F.2d 1101, 1112 (5th Cir.1980). See also, *In Re United States,* 666 F.2d 690 (1st Cir.1981); *Brody v. Pres. & Fellows of Harvard College,* 664 F.2d 10 (1st Cir. 1981).

In line with the foregoing, the undersigned judge, although he expressly finds that he has no personal bias or prejudice concerning any party to this litigation, nor has any personal knowledge of disputed evidentiary facts,[3] nor does he have any personal interest in the proceedings herein which would tend to disqualify him, nevertheless finds that because of the combined effect of Mr. Nachman's former law partner status and counsel to the undersigned judge in a recently ended litigation, this judge's impartiality might reasonably be questioned by an objective knowledgeable member of the public, as provided by 28 U.S.C. § 455(a).[4] Even though waiver by the parties is permitted under Section 455(a) the undersigned judge shall disqualify himself in Mr. Nachman's cases before this Court for a period of two years from the date of this judge's induction. *Smith v. Sikorsky Aircraft,* 420 F.Supp. 661 (D.C. Calif.1976).

Wherefore, I hereby disqualify myself from this case. The Clerk is hereby instructed to return the case to the assigning judge.

IT IS SO ORDERED.

---

1. It has been ruled that: "To hold otherwise would mean that judges would have to recuse themselves in every case in which litigants could point to the single fact of a prior association with a party or his attorney and would set a precedent that would certainly prove troublesome, to say the least, to every member of the Federal Judiciary." *Bumpers v. Uniroyal Tire Co., Division of Uniroyal Inc.,* 385 F.Supp. 711, 714 (D.C.Pa.1974).

2. The federal judicial disqualification statute is 28 U.S.C. § 455. But see also 28 U.S.C. § 144.

3. See *W. Clay Jackson Enterprises v. Greyhound Leasing* 467 F.Supp. 801 (D.C.P.R.1979).

4. *In Re United States,* supra.

In San Juan, Puerto Rico, this 21st day of September, 1983.

/s/ Hector M. Laffitte
Hector M. Laffitte
U.S. District Judge