Abraham ALVARADO MORALES,
et al., Plaintiffs,

v.

DIGITAL EQUIPMENT
CORPORATION,
Defendant.

Civ. No. 86–0464 (PG).

United States District Court,
D. Puerto Rico.

Nov. 2, 1988.

As Amended Nov. 7, 1988.

Jesús Hernández Sánchez, Santurce, P.R., for plaintiffs.

Luis F. Antonetti, Santurce, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

On August 8, 1988, plaintiffs filed through their counsel, Jesús Hernández Sánchez, a motion requesting that the undersigned judge disqualify himself from any further proceedings in this case. The Court heard oral argument on defendant's motion to dismiss or for summary judgment on December 12, 1987, and on February 20, 1988, an Opinion and Order was issued granting the motion for summary judgment. Judgment was entered on February 24, 1988, and subsequently affirmed by the Court of Appeals on April 6, 1988, 843 F.2d 613. Although counsel for the plaintiffs has been a member of the Federal Bar since 1959 and has practiced extensively in this Court, he fails to refer specifically to the disqualification statutes in support of his clients' petition. He merely asserts cavalierly that because the undersigned judge was a former employee of the defendant's counsel, Mr. Vicente Antonetti, he had the legal and moral duty to disqualify himself.

We begin our analysis of the motion by pointing out that counsel, albeit his long experience as an attorney, did not move for our disqualification pursuant to 28 U.S.C. §§ 144 and 455. These provisions set forth the procedures and circumstances for the disqualification of federal judges. In general, section 455(a) requires a judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The procedure for filing a motion for recusal is set forth in 28 U.S.C. § 144. It provides as follows:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

The plaintiffs' motion is outrageously and technically deficient in that it is not accompanied by a "timely and sufficient affidavit" of a party (plaintiffs) and is not "accompanied by a certificate of counsel of record stating that it is made in good faith." Notwithstanding this we examine the motion because it is proper for the judge himself to rule on the motion for disqualification. *Bumpus v. Uniroyal Tire Co. Division of Uniroyal, Inc.*, 385 F.Supp. 711, 712 (E.D.Pa.1974); *United States v. Bell*, 351 F.2d 868 (6th Cir.1965), *cert. denied*, 383 U.S. 947, 86 S.Ct. 1200, 16 L.Ed.2d 210 (1966). The Court has a duty to pass on the legal sufficiency of the facts alleged. *In re Beard*, 811 F.2d 818 (4th 1987). The decision to disqualify is in the first instance committed to the district judge. *In re United States of America*, 666 F.2d 690 (1st Cir.1981). The gist of the claim made by plaintiffs, after the rodomontade is put to one side, is that the undersigned could not be impartial in the case because of his quondam relationship with Mr. Antonetti. As such, the inquiry is

to be limited to section 455(a). *United States v. Mirkin*, 649 F.2d 78 (1st Cir.1981). Section 455(a) provides: "(a) Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

This statute incorporates the standard for disqualification found in Canon 3(C)(1) of the Code of Judicial Conduct for United States Judges, which in the same vein provides: "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned."

The proper test for determining *impartiality*, has been clearly set forth in *United States v. Cowden*, 545 F.2d 257 (1st Cir. 1976). In accordance therewith it must be determined whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the litigant filing the motion under 28 U.S.C. § 455, but rather in the mind of the reasonable man.

The moving party is required to show facts that would convince a reasonable man that bias exists. *Parrish v. Board of Commissioners of the Alabama State Bar*, 524 F.2d 98, 100 (5th Cir.1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). In the instant case the specific grounds adduced for the disqualification are devoid of merit. No allegation of bias or prejudice has been raised, only the sole fact of an association with a law firm which occurred well over fifteen years ago.

■ This judge's former association with the law firm of Goldman, Antonetti & Subirá is, despite counsel's allegations of ignorance, a matter of public knowledge. As such, when confronted with a motion for disqualification on these grounds the judge is duty bound to deny the motion as frivolous. *National Auto Brokers Corporation v. General Motors Corp.*, 572 F.2d 953, 957 (2nd Cir.1978), *cert. denied*, 439

U.S. 1072, 99 S.Ct. 844, 59 L.Ed.2d 38 (1979).

■ Furthermore, the allegation of a former relationship with a law firm as a basis for disqualification has been expressly rejected. The mere fact that a judge has been in the past a law partner to counsel for defendant is by itself insufficient to warrant disqualification. *Carbana v. Cruz*, 595 F.Supp. 585, 589 (D.P.R.1984).

In the case of *Bumpus, supra*, it was alleged that the trial judge, who for more than eleven years had been a partner to one of plaintiff's counsel, should have been disqualified [1] in light of this former association. The court specifically held that "[t]he mere fact that a judge was more than a decade ago a partner of an attorney who later appears before him is patently insufficient to require disqualification." *Bumpus, supra*, at p. 714.

■ Likewise, the fact that this judge worked years ago, concretely, from December 1968 thru March 1971, as a junior associate with the law firm in which counsel for defendant is a senior partner can in no way by itself give fair support to a charge of partiality. As the Court in *Bumpus* stated:

"To hold otherwise would mean that Judges would have to recuse themselves in every case in which a litigant could point to the single fact of a prior association with a party or his attorney and would set a precedent that would certainly prove troublesome, to say the least to every member of the Federal Judiciary."

*Bumpus, supra*, at 714. Impartiality could not reasonably have been questioned within the meaning of section 455(a) under the facts and circumstances of this case.

■ It is clear that subjective conclusions or opinions that bias or the appearance of impropriety may exist are insufficient to require a judge's disqualification. *Hodgson v. Liquor Salesmen's Union Local No. 2 of State of New York*, 444 F.2d 1344 (2nd Cir.1971). It is not unusual for a judge to have formed close and abiding friendships with members of his law firm

---

**1.** Disqualification was predicated under 28 U.S. C. § 455.

or with other members of the bar. *Miller Industries v. Caterpillar Tractor Co.*, 516 F.Supp. 84 (S.D.Ala.1980). All judges come to the bench with a background of experiences, associations and viewpoints. This background alone is seldom sufficient in itself to provide a reasonable basis for recusal. *Brody v. President & Fellows of Harvard College*, 664 F.2d 10 (1st Cir. 1981), *cert. denied*, 455 U.S. 1027, 102 S.Ct. 1731, 72 L.Ed.2d 148 (1982); *Eisler v. United States*, 170 F.2d 273, 278 (D.C.Cir.1948), *cert. dismissed*, 338 U.S. 883, 70 S.Ct. 181, 94 L.Ed. 542 (1949). It has been the policy of the judges in this district to abstain from any case involving their former law firms for a period of two years after coming to the Bench. Certainly, that "a decision that could be construed to extend that restriction to ten years or more would *unreasonably* interfere with the functioning of this or any court." *See, Bumpus, supra.* With this principle in mind, we can say that no lack of impartiality appears under the circumstances of this case. The precise allegations raised by movant have been expressly rejected. *Carbana, supra; Bumpus, supra.*

In this case, as in all others which have been assigned, this judge has been guided always by the sound principles which define the judicial obligation, and amongst these is the self-enforcing duty to assure that a party will not be stripped of a fair forum where the claims could be pursued. It is and it has been the practice of this judge to disqualify on his own initiative, *sua sponte*, when the slightest impression of partiality, which may cloud the sacred function of adjudication, may be present.

 We have adverted in a previous decision that the *motions to disqualify are the frequent instruments of misuse. Estrada v. Cabrera*, 632 F.Supp. 1174 (D.P.R. 1986). Furthermore, it has been wisely observed that each judge must be alert to avoid the possibility that those who would question his impartiality are in reality seeking to avoid the consequences of his expected adverse decision and that "disqualification for lack of impartiality must have a reasonable basis." (H.R.Rep. No. 93–1453, 93d Cong.2d 1974 U.S.Code Cong. & Ad. News, 6351, 6355, 6354–55), *quoted in, Miller Industries, supra*, at 88. We hold that it is the judge's duty to sit where there is no valid reason for recusation. *Andrews, Mosburg, Davis, Elam, Legg & Bixler, Inc. v. General Ins. Co. of America*, 418 F.Supp. 304 (D.Okla 1976).

 Judge Coffin has eloquently expressed that although it is clear that courts must not only be but seem to be free of bias or prejudice, there is also a policy that a judge once having drawn a case should not recuse himself on an unsupported, irrational or highly tenuous speculation. *In re United States of America, supra.* That is, there is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is. *Brody, supra; In re Union Leader Corp.*, 292 F.2d 381, 391 (1st Cir. 1961), *cert. denied*, 368 U.S. 927, 82 S.Ct. 361, 7 L.Ed.2d 190 (1961); *Blizard v. Frechette*, 601 F.2d 1217, 1220–21 (1st Cir. 1979).

Wherefore, the motion for disqualification is denied as baseless.[2] In the instant case we observe that the contentions are presented against a background of an adverse judgment, even after affirmance by the Court of Appeals for the First Circuit of the judgment rendered below, and after counsel for defendant proceeded to file a motion for sanctions against counsel for plaintiffs.

After a close scrutiny of the file of this case, it is obvious to this judge that the deprecatory motion filed by counsel Jesús Hernández Sánchez pursued ulterior motives other than *good faith* disqualification of the undersigned. The phraseology used and grounds adduced therein conduce the undersigned to no other conclusion. This

---

**2.** Additionally, plaintiffs' motion for disqualification is untimely since it was filed after judgment was entered. *Kent v. Regional Office of Am. Friends Service Committee*, 497 F.2d 1325, 1330 (9th Cir.1974); *Carbana v. Cruz, supra.*

This being so, any request for disqualification is waived. *United States v. Hall*, 424 F.Supp. 508 (D.Okl.1975), *aff'd*, 536 F.2d 313, *cert. denied*, 429 U.S. 919, 97 S.Ct. 313, 50 L.Ed.2d 285 (1976).

being so, the motion filed on August 8, 1988, by Mr. Jesús Hernández·Sánchez is referred to the Honorable Gilberto Gierbolini, the next senior judge of this Court, for his consideration or referral to another judge or persons as he may designate to evaluate the possibility of disciplinary proceedings and/or sanctions under Fed.R.Civ. P. 11 and Rule 211 of the Local Rules of the U.S. District Court for the District of Puerto Rico.

IT IS SO ORDERED.