ORIENTAL FINANCIAL GROUP, INC., Plaintiff

v.

FEDERAL INSURANCE COMPANY, INC., Defendant.

Civil No. 00–2035 (GAG).

United States District Court, D. Puerto Rico.

Sept. 28, 2006.

---

Jose R. Gonzalez–Irizarry, Raul M. Arias–Marxuach, McConnell Valdes, Ruben T. Nigaglioni, Ruben T. Nigaglioni Law Offices, San Juan, PR, for Plaintiff.

Fernando J. Fornaris–Fernandez, James W. McCartney, Cancio, Nadal, Rivera & Diaz, San Juan, PR, for Defendant.

### ORDER PURSUANT TO
### 28 U.S.C. § 455

GELPI, District Judge.

Before the Court is defendant Federal Insurance Company's motion (Docket No. 265) seeking the recusal of the undersigned pursuant to 28 U.S.C. § 455. The argument presented therein is threefold.

First, defendant (hereinafter "FIC") notes that the undersigned was previously employed from January–June, 2001 at McConnel Valdés ("McV"), the firm that represents plaintiff in this case. Second, FIC also notes that the undersigned's father presently works at McV. Third, FIC asserts that the combination of both grounds further warrants recusal. The undersigned finds the above-stated arguments to be without merit, and accordingly DENIES the motion for recusal based on the same.

■ The fact that the undersigned worked at McV in 2001 as special litigation counsel for a period of six months does not warrant recusal under Section 455(a) [1]. *See Alvarado Morales v. Digital Equipment Corp.,* 699 F.Supp. 16, 19 (D.P.R. 1988) (holding that the fact that Judge Pérez–Giménez had worked several years earlier as an associate in law firm involved in litigation did not warrant his recusal). The undersigned, as a former special litigation counsel, is in a position akin to that of Judge Pérez–Giménez in *Alvarado Morales,* insofar as he did not hold any equity interest in McV. Even had the undersigned been an equity partner at McV until 2001, recusal would still be unwarranted. Judges of this Court who have been partners at law firms regularly preside over cases in which the former firm is counsel to a party. This of course, occurs following a period of one or two years since the judge's divestment of all interest in his former firm. *See id.* at 19.

Recusal based on FIC's first ground would simply have a preposterous effect on the Court as a whole. The undersigned thus, could never preside over any matter in which McV is counsel of record, nor in which the Puerto Rico Department of Jus-

1. Section 455(a) provides that "Any [judge] of the United States shall disqualify himself in

any proceeding in which his impartiality might reasonably be questioned".

tice (where the undersigned previously labored for four years, two as Solicitor General) represents a party.

Prior to the undersigned's appointment as an Article III Judge on August 1, 2006, the undersigned served for five years as a United States Magistrate–Judge. Hence, any past relationship with McV has long since vanished. During his incumbency as a Magistrate–Judge, the undersigned presided over numerous cases in which McV appeared as counsel. In none of these cases was a claim of lack of impartiality or bias raised by opposing counsel. Curiously, in the case of *Carvajal, S.A. v. American Scholar,* 01–2108 (CC/GAG), McV and Cancio, Nadal & Rivera, the firm now seeking the recusal on behalf of FIC, consented on behalf of their respective clients to have the case proceed entirely before the undersigned (*see* Docket No. 20, dated 11/26/01). Said case was filed shortly after the undersigned became a Magistrate–Judge (*see* Docket No. 1).

■ FIC's second ground for disqualification under Section 455(b)(5) [2] is also unfounded. The undersigned's father is not an equity partner in McV nor is representing plaintiff. Written advisory opinions of the Judicial Conference Committee on Codes of Judicial Conduct, as well as judicial decisions, do not require a judge to recuse himself where his son is an associate in a law firm which is counsel of record for a party. *See* Committee on Codes of Judicial Conduct Advisory Opinions Nos. 38 and 58; *United States v. Edwards,* 39 F.Supp.2d 692, 714–715 (M.D.La.1999) (collecting caselaw and citing advisory opinions of the Judicial Conference Committee). The undersigned's father is in a

position akin to that of a son or daughter of the undersigned who would happen to work at McV in a non-equity position. Given that defendant's two asserted grounds for recusal fail, the third ground—a combination of both, must likewise be rejected.

Notwithstanding the above, the undersigned finds that there exist compelling reasons not addressed by FIC, which require his recusal. The same are hereby raised *sua sponte* due to the Court's paramount interest that all proceedings appear to the public to be fair and impartial.

■ The present case was filed in 2000. In 2001, the undersigned worked as special litigation counsel in McV's litigation division until he become a Magistrate–Judge on June 29, 2001. The undersigned never participated in any matter related to this case. However, during his tenure at McV, the undersigned had access to most, if not all, areas of the litigation division. Likewise, he spent most of his working and lunch time with partners and associates of said division, though not necessarily all those appearing or working in this case.

28 U.S.C. § 455(b)(2) requires disqualification "[w]here in private practice [the judge] served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter". This subsection does apply to the undersigned as counsel from McV's litigation division were working on the case prior, *particularly during,* and subsequent to the undersigned's tenure at McV. *See United States v. Mosesian,* 972 F.2d 1346 (table), 1992 WL 197408 * 3 (9th Cir.1992)

---

**2.** Section 455(b)(5) provides that a United States judge shall disqualify himself where "[h]e or his spouse, or a person within the third degree of relationship to either of them or the spouse of such a person ... (iii) is

acting as a lawyer in the proceeding; (iii) is know by the judge to have an interest that could be substantially affected by the outcome of the proceeding".

(noting that judges may not preside over matters where former partner or associate during any prior period of practice served as a lawyer on the matter during the judge's association with him); *Preston v. United States,* 923 F.2d 731, 734–735 (9th Cir.1991) (same).

Furthermore, given the undersigned's tenure at McV *during the pendency of this case,* 28 U.S.C. § 455(a) also applies, as his impartiality may reasonably be questioned on the ground that McV was counsel to plaintiff while the undersigned was special litigation counsel.

Accordingly, the undersigned hereby DISQUALIFIES himself from presiding over this case. This ruling is based wholly on the unique facts discussed herein, and should in no way be interpreted to even suggest that the undersigned will recuse himself from any other cases in which McV appears as counsel, save of course, any in which the undersigned's father appears as counsel or participates in any manner. In the latter event, McV counsel would be required to so inform the Court.

Given that this case was directly assigned by Judge Domínguez on occasion of the undersigned attaining Article III status, the same is hereby RETURNED to him in exchange for another case. The undersigned expresses no opinion whatsoever as to any of the recusal grounds peripherally asserted in the motion to disqualify, which exclusively pertain to Judge Domínguez.

**SO ORDERED.**