**Herald E. STRINGER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 14659.**

United States Court of Appeals
Ninth Circuit.

May 18, 1956.

See also, 225 F.2d 676.

George B. Grigsby, Wendell P. Kay, Edward V. Davis, Harold J. Butcher, Anchorage, Alaska, for appellant.

Wm. T. Plummer, U. S. Atty., James M. Fitzgerald, Asst. U. S. Atty., Anchorage, Alaska, for appellee.

Before POPE and CHAMBERS, Circuit Judges, and BOLDT, District Judge.

CHAMBERS, Circuit Judge.

Stringer, an Anchorage attorney, has been suspended from practice for a period of 120 days pursuant to an order made in disciplinary proceedings in the Third Division (Anchorage) of the District Court for the Territory of Alaska. He appeals.

The information (not strictly a criminal one) charged violations by Stringer of his obligations as a lawyer in connection with his fee arrangements with a client who was a taxi driver. The client has been arrested at Anchorage on a charge of hauling persons for prostitution. The client stood in jeopardy of possible criminal prosecution.

At the outset, believing himself disqualified in the case against Stringer, the presiding judge at Anchorage announced his disqualification.[1] He then assigned the case to the judge of another Alaska division. In due time the judge-designate reassigned the case to the home

---

1. 28 U.S.C.A. § 455 reads as follows:
"Interest of justice or judge
"Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein."

judge at Anchorage. At this juncture, the appellant Stringer appears to have been agreeable to the judge at Anchorage proceeding with the case.

The judge at Anchorage announced he would preside unless the district attorney or Stringer filed an affidavit to disqualify him (presumably under the Alaska statute, 1949 Compiled Laws of Alaska, 54-2-1) within three days. Neither side bothered.

Now Stringer, represented by many attorneys, vehemently complains of a procedure in which he acquiesced.

In our judgment, once having disqualified himself for cause, on his own motion, it was incurable error for the district judge to resume full control and try the case. Therefore, the judgment entered will be reversed. This is not to suggest that a trial judge after disqualifying himself cannot with propriety carry on the mechanical duties of transferring the case to another judge or other essential ministerial duties short of adjudication.[2]

In the case, we find nothing reflecting upon the basic integrity or learning of the presiding judge. Judicial notice can be taken of the fact that he is badly overworked and being asked to discharge duties quantitatively beyond those which should be expected of any judge. We think it well may be that if this particular judge had had the time for quiet reflection that he would have come to the same conclusion as we do now.

The assistant district attorney has presented the case for the government in a thorough and dispassionate manner. It is obvious that a story told him in advance of trial by the government's main witness justified him in going ahead with the presentation of the case to the district court.

While we do not reach the question of the sufficiency of the evidence, still viewed most favorably to the government, the case has proved unusually weak due to the confusion that developed in the testimony of the main prosecution witness. There should be no criticism of the district attorney or the district court if the case should now be dismissed.

Reversed.

---

2. There may be other instances where a judge disqualifying himself could resume direction or even decide the issues. For instance, he might be mistaken as to the identity of a party. But the reason for resuming control should be more than a second reflection on the same facts which the trial judge considered originally disqualified him.