5 F.3d 537
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Mel M. MARINKOVIC, Plaintiff-Appellant,
v.
CASEY, GERRY, CASEY, WESTBROOK, REED & SCHENEK, Defendants-Appellees.
 No. 92-55584.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 6, 1993.*
Decided Sept. 13, 1993.
 
 Appeal from the United States District Court for the Southern District of California, No. CV-88-1146-GT; Gordon Thompson, Jr., District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before: NOONAN, FERNANDEZ and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Marinkovic challenges the district court's setting aside a default judgment in his favor, and its dismissal of this action for lack of subject matter jurisdiction. The district court dismissed the action on the ground that Marinkovic failed to demonstrate complete diversity of citizenship between the parties, as required by 28 U.S.C. Sec. 1332. We affirm.
 
 
 3
 When reviewing a district court's ruling on diversity of citizenship, we review its findings as to a party's domicile for clear error. Lew v. Moss, 797 F.2d 747, 750 (9th Cir.1986). Marinkovic claimed to be a citizen of the District of Columbia, not California, as the district court found.
 
 
 4
 Defendants were California domiciliaries, so plaintiff had to establish a non-California domicile for diversity jurisdiction. The district judge required Marinkovic to submit proof of his domicile, and granted several extensions to allow him time to obtain documentary evidence before holding a hearing. The judge carefully examined Marinkovic's submissions, and found that none of his evidence tended to prove his domicile as of the date he filed the complaint. Plaintiff claimed District of Columbia domicile, but did not prove it. The evidence presented by defendants suggested that Marinkovic lived in California, but frequently passed through the District of Columbia on trips to England. The court therefore dismissed the action for lack of jurisdiction. The district judge's finding that there was no diversity is not clearly erroneous, and thus we affirm its dismissal of this action.
 
 
 5
 The district court determined that since it lacked jurisdiction, it would not rule on various motions still pending. The district judge should have ruled on Marinkovic's motion for recusal, because if the judge had concluded that recusal was required, "he should take no other action in the case except the necessary ministerial acts to have the case transferred to another judge." 13A Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure Sec. 3550, at 629 (1984); see also Stringer v. United States, 233 F.2d 947, 948 (9th Cir.1956). When a party demonstrates that the presiding judge "has a personal bias against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. Sec. 144. The failure to rule on the motion for recusal, though, was harmless, because the motion was plainly inadequate on its face. Cf. United States v. Azhocar, 581 F.2d 735, 738 (9th Cir.1978) (when affidavit in support of recusal motion is facially insufficient, there is no need to assign the matter to another judge for hearing). The allegations related mostly to plaintiff's dissatisfaction with the magistrate, not to anything requiring recusal by the district judge. The claim that the district judge should have recused himself because more than twenty years ago he practiced with the law firm representing defendants on a motion in this case does not implicate 28 U.S.C. Sec. 455(b)(2), since neither he nor his firm could have been involved in the matter before he left private practice for the bench. Nor does this alleged association make the proceeding one "in which his impartiality might reasonably be questioned." 28 U.S.C. Sec. 455(a).
 
 
 6
 Marinkovic claims that the district court wrongfully refused to consider a motion to amend to add RICO claims, but offers no argument, so we do not reach this claim.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3