USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1493 EL FENIX DE PUERTO RICO, Plaintiff, Appellant, v. THE M/Y JOHANNY, ETC., ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Fernando D. Castro, with whom Calvesbert & Brown was on ___________________ ___________________ brief for appellant. Jorge Calero Blanco, with whom Ada Pilar Martin and Ledesma, ___________________ ________________ ________ Palou & Miranda were on brief for appellees. _______________ ____________________ September 26, 1994 ____________________ CYR, Circuit Judge. In this case we must decide CYR, Circuit Judge. _____________ whether a recusal order under 28 U.S.C. 455(a) may be set aside on reconsideration by the judge who entered it. As we conclude that it was improper for the recused judge to revisit the recusal order in these circumstances, we leave appellant's substantive challenges to the district court judgment for consideration on remand. I I BACKGROUND1 BACKGROUND __________ A. The Underlying Action A. The Underlying Action _____________________ Appellee Aurelio Varona Perez ("Varona") purchased the M/Y JOHANNY, a 43-foot Wellcraft "San Remo" twin-diesel motor yacht, in October 1987. Appellant El Fenix de Puerto Rico ("El Fenix") later issued an "all-risk" marine insurance policy on the JOHANNY in the total amount of $340,000. No claims were made on the policy until after the JOHANNY's final voyage two years later. In the wake of Hurricane Hugo, which struck Puerto Rico in September 1989, Varona noticed a slight "vibration" in the JOHANNY. On November 14, 1989, Varona and his brother, a profes- sional marine mechanic, set off from the Cangrejos Yacht Club in ____________________ 1The material facts underlying the merits dispute are recited in the light most favorable to the judgment. See Pinto ___ _____ v. M/S FERNWOOD, 507 F.2d 1327, 1329 (1st Cir. 1974) ("In review- ____________ ing the judgment of the trial court sitting in admiralty without a jury, . . . [t]he evidence must be viewed in the light most favorable to the prevailing party below . . . ."). 2 San Juan for the port of Fajardo, Puerto Rico, to have the boat drydocked for repair. Prior to departing San Juan Harbor, Varona's brother inspected the JOHANNY's underwater running gear, and, finding nothing amiss, concluded that it was safe to pro- ceed. Approximately one hour into the voyage, however, Varona noticed that the JOHANNY was riding abnormally low in the water. Upon investigation, Varona's brother discovered two to three feet of water in the engine compartment. Varona issued Mayday calls, but was unable to contact either the United States Coast Guard or his yacht club in San Juan. The source of the leak was not located and, within thirty minutes after discovery of the flood- ing, the two engines stopped simultaneously, apparently as a result of the rising water. With the JOHANNY rapidly taking on water, Varona and his brother disembarked into a small dinghy, intending to return to San Juan, summon assistance and attempt to salvage the JOH- ANNY. The outboard motor on the dinghy malfunctioned, however, and since it would operate only intermittently it took almost three hours to reach the nearest point of land, where Varona reported the incident to the Puerto Rico Maritime Police. The following day he informed his insurance broker. Neither Varona nor his brother saw the JOHANNY sink, and marine salvage survey- ors have never been able to locate her. In due course, El Fenix initiated this admiralty action, alleging that Varona had scuttled the vessel, and demand- 3 ing damages and a judicial declaration disallowing coverage under the marine insurance policy. Varona counterclaimed for a decla- ration of coverage. During the four-day bench trial, Varona and his brother testified to the events of November 14, 1989, as related above, and proffered opinions to the effect that the incursion of sea water into the engine compartment could have resulted from the failure of a stuffing-box, a perforation in the hull, or any number of other possible breaches. El Fenix coun- tered with the deposition of Dr. Carlos V. Wheeler, a marine engineer, for the purpose of undermining the technical plausibil- ity of the Varonas' accounts of the flooding of the vessel. El Fenix also presented the expert testimony of Arturo A. Vaello, Jr., a marine surveyor, who opined that the JOHANNY had been scuttled. Vaello's opinion was based largely on perceived irregularities in the manner in which Varona had pursued the insurance claim. At the conclusion of the trial, the presiding judge explicitly credited the Varonas' testimony and rejected the expert testimony presented by El Fenix. The court held that the loss of the JOHANNY had been accidental, and found El Fenix liable under its marine insurance policy. B. The Recusal Order B. The Recusal Order _________________ On February 9, 1993, the first day of trial, El Fenix witness Arturo Vaello spotted one Bob Fisher in the gallery of the courtroom. Vaello knew Fisher to be a local yachtsman well versed in maritime matters. In casual conversation following 4 Vaello's testimony on the second day of trial, Fisher told Vaello that the presiding judge had "asked him to sit through the trial and listen to the evidence presented by the parties." Vaello reported this conversation to El Fenix's counsel the same day. On March 1, 1993, nearly three weeks after the Vaello- Fisher conversation allegedly occurred, and after judgment had entered in favor of Varona on February 19, El Fenix moved, inter _____ alia, for a new trial or to alter and amend the judgment. See ____ ___ Fed. R. Civ. P. 59(a), (e). Although El Fenix conceded that it had "no specific knowledge" that the presiding judge was not impartial, it hypothesized that the judge might have consulted with Fisher in arriving at a judgment in the case. It contended that the Vaello affidavit gave rise "to the possibility of an 'appearance' of partiality" that might require disqualification under 28 U.S.C. 455(a) ("Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."). The motion was accompanied by a request that El Fenix be allowed to depose Fisher. On March 11, 1993, notwithstanding a finding that the judgment had been based exclusively on the evidence, the presid- ing judge disqualified himself from further participation in the case and vacated the judgment previously entered, based simply on the fact that his impartiality had been challenged. The recusal order stated in pertinent part: [T]he Court invited both Mr. and Mrs. Bob Fisher, long time personal friends, to attend 5 a public trial. [The invitation] was prompted by the fact that the Fishers are both boat aficionados and Mr. Fisher, who is currently retired, would enjoy the trial. To conclude __ ________ from the presence of Mr. and Mrs. Fisher that ____ ___ ________ __ ___ ___ ____ ______ ____ the Court somehow surreptitiously connived to ___ _____ _______ _______________ ________ __ seek the opinion of a non-witness to make its ____ ___ _______ __ _ ___________ __ ____ ___ decision is a strained conclusion to say the ________ __ _ ________ __________ __ ___ ___ least. Plaintiff's argument on this issue has ______ ___________ ________ __ ____ _____ ___ the tenor of a dubious strategy influenced by ___ _____ __ _ _______ ________ __________ __ an unfavorable result. __ ___________ _______ The Court's decision in this action, stated for the record at the conclusion of the evidence, was based exclusively on the evidence presented by both parties and in great part based on specific credibility determinations. Nevertheless, given the fact that the _____ ___ ____ ____ ___ impartiality of this judge has been put at ____________ __ ____ _____ ___ ____ ___ __ issue by plaintiff, I hereby DISQUALIFY my- _____ __ _________ self from further participating in this case. It is further ORDERED that the Judgment is- sued [previously in this matter] is hereby VACATED AND SET ASIDE. (Emphasis added). Varona promptly moved for reconsideration of the recusal order on grounds that (1) the El Fenix motion had been untimely, in that possible grounds for disqualification must be presented at the earliest possible juncture; and (2) the presid- ing judge had erred in recusing himself under 28 U.S.C. 455(a) because the request to depose Fisher, paired with El Fenix's highly tenuous and speculative allegations, did not place the court's impartiality in objectively reasonable question. On April 20, 1993, the recused judge entered a one-page reconsidera- tion order vacating the recusal order and reinstating the judgment "based on the arguments presented" in the motion for reconsideration. 6 7 II II DISCUSSION DISCUSSION __________ El Fenix first attacks the reconsideration order as an abuse of discretion.2 Cf. Norfolk v. United States Army Corps ___ _______ _________________________ of Eng'rs, 968 F.2d 1438, 1460 (1st Cir. 1992) (denial of 455- _________ (a) motion reviewed for "abuse of discretion"). As a threshold matter, we note that El Fenix has never asserted, either before the district court or on appeal, that a sufficient factual basis existed for finding that the impartiali- ty of the presiding judge was placed in objectively reasonable question simply by extending Fisher an invitation to witness the ____________________ 2The challenge to the reconsideration order is accompanied by two lackluster procedural claims. First, El Fenix argues that the recusal order was interlocutory, in that it "determin[ed] the rights and liabilities of the parties to [an] admiralty case[]," and, therefore, that it had to be appealed directly to this court ___ pursuant to 28 U.S.C. 1292(a)(3). This claim is without merit: As is the case with interlocutory appeals generally, 1292(a)(3) does not compel [an ______ appeal by a] party with a claim coming within its terms . . . . 9 James W. Moore & Bernard J. Ward, Moore's Federal Practice ________________________ 110.19[3] (2d ed. 1994) (citing cases) (emphasis added). Similarly unavailing is the El Fenix argument that adminis- trative assignment of this case to another judge following the recusal order deprived the recused judge of "plenary authority" to take further action in the case. As a general matter, federal district judges have plenary authority to reconsider orders. See, e.g., McIsaac v. Didriksen Fishing Corp., 809 F.2d 129, 135 ___ ____ _______ _______________________ (1st Cir. 1987). In any event, the relevant docket entries reflect that the case had been referred back to the recused judge prior to entry of the reconsideration order. Thus, it is the trial judge's reconsideration of the recusal order, not the administrative assignment of the case, which is at issue here. 8 trial, nor by Fisher's attendance as a spectator.3 Furthermore, El Fenix challenges none of the findings underlying the recusal order, most notably that the "Court's decision . . . was based exclusively on the evidence presented by both parties . . . ." Consequently, nothing in the district court record provided sufficient grounds for recusal. See, e.g., In re United States, ___ ____ ___________________ 666 F.2d 690, 695 (1st Cir. 1981) ("[A] charge of partiality [under 28 U.S.C. 455(a)] must be supported by a factual basis _______ _____ [and] a judge considering whether to disqualify himself must ignore rumors, innuendos, and erroneous information . . . .") (emphasis added). We think it clear, therefore, that the motion for disqualification under 28 U.S.C. 455(a) should have been denied. First, the district court did not adhere to the impartiality test required under section 455(a). See Home ___ ____ Placement Serv., Inc. v. Providence Journal Co., 739 F.2d 671, ______________________ _______________________ 675 (1st Cir. 1984) (describing 455(a) test as whether a reasonable person, "were he to know all the circumstances, would ____ __ __ ____ ___ ___ _____________ harbor doubts about the judge's impartiality") (emphasis added), cert. denied, 469 U.S. 1191 (1985); see also Ricci v. Key Bancsh- _____ ______ ___ ____ _____ ___________ ares of Maine, Inc., 111 F.R.D. 369, 373-75 (D. Me. 1986) (Ald- ____________________ rich, J.) (discussing appropriate level of knowledge to impute to ____________________ 3The recusal regimen under 28 U.S.C. 455(a) in this circuit requires the presiding judge to determine "whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality . . . in the mind of the reasonable [person]." United States v. ______________ Cowden, 545 F.2d 257, 265 (1st Cir. 1976), cert. denied, 430 U.S. ______ _____ ______ 909 (1977), quoted in United States v. Arache, 946 F.2d 129, 140 _________ _____________ ______ (1st Cir. 1991). 9 "reasonable person"). Second, the utter absence of a sufficient factual basis for recusal under subsection 455(a) completely undermined the recusal order. Further, as the district court was in a position to debunk the innuendo underlying El Fenix's motion, and did just that in its recusal order, we are left to conclude, as the recusal order itself acknowledges, see supra pp. ___ _____ 5-6, that the only reason for the recusal was that El Fenix had broached a possible appearance of partiality. ________ No permissible reading of subsection 455(a) would suggest that Congress intended to allow a litigant to compel dis- qualification simply on unfounded innuendo concerning the possi- ______ ble partiality of the presiding judge.4 Indeed, "[a] trial ___ judge must hear cases unless some reasonable factual basis to ____ doubt the impartiality of the tribunal is shown by some kind of probative evidence." Blizard v. Frechette, 601 F.2d 1217, 1221 _______ _________ (1st Cir. 1979) (emphasis added); see also United States v. ___ ____ ______________ Alabama, 828 F.2d 1532, 1541 (11th Cir. 1987) (noting that _______ following enactment of current version of 455 in 1974, courts should scrutinize factual accuracy of recusal motion and accompa- ____________________ 4El Fenix did intimate, however, apparently as a predicate for its deposition request, that there may have been grounds for mandatory disqualification under 28 U.S.C. 455(b)(1), which requires recusal where the judge has "personal knowledge of disputed evidentiary facts." El Fenix requested that it be permitted to depose Fisher to determine whether he had consulted with the presiding judge relating to evidentiary matters at issue during trial. See, e.g., United States v. Alabama, 828 F.2d ___ ____ _____________ _______ 1532, 1543-46 (11th Cir. 1987) (holding recusal mandatory under 455(b)(1) where trial judge's activities had involved him in "disputed evidentiary facts"), cert. denied, 487 U.S. 1210 _____ ______ (1988). Of course, the deposition request appeared to have been mooted by the recusal order. 10 nying affidavits), cert. denied, 487 U.S. 1210 (1988). As this _____ ______ court has explained: [D]isqualification is appropriate only if the facts provide what an objective, knowledge- able member of the public would find to be a reasonable basis for doubting the judge's __________ _____ impartiality. Were less required, a judge could abdicate in difficult cases at the mere sound of controversy, or a litigant could _ ________ _____ avoid adverse decisions by alleging the slig- _____ _______ _________ __ ________ ___ _____ htest of factual bases for bias. See [H. _____ __ _______ _____ ___ ____ ___ Rep. No. 1453, 93d Cong., 2d Sess. 5 (1974), reprinted in 1974 U.S.C.C.A.N. 6351, 6355]. _________ __ This restricted mandate to disqualify is calculated to induce a judge to tread the narrow path between timidity and tenacity. In re United States, 666 F.2d at 695 (emphasis in original and ____________________ emphasis added). The proper approach under subsection 455(e) requires the trial judge to place on the record all the facts relating to any alleged appearance of lack of impartiality and then leave entirely to the parties whether to waive disqualification under section 455(a). See 28 U.S.C. 455(e) ("Where the ground for ___ disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification."); see also Brody v. ___ ____ _____ President & Fellows of Harvard College, 664 F.2d 10, 11-12 (1st _______________________________________ Cir. 1981) (noting operation of 455(e) waiver provision), cert. _____ denied, 455 U.S. 1027 (1982).5 Absent an acceptable waiver, and ______ ____________________ 5Additionally, once all the relevant facts were set out in the record, the district court might have considered the El Fenix deposition request. But cf. Ricci, 111 F.R.D. at 373 n.4 (ex- ___ ___ _____ pressing reservations as to appropriateness of allowing discovery by deposition on 455(a) motion); compare Cheeves v. Southern _______ _______ ________ Clays, Inc., 797 F. Supp. 1570, 1579-83 (M.D. Ga. 1992) (noting ___________ 11 based on the findings in the recusal order, the motion for ________ disqualification in this case should have been denied as groundless. See, e.g., Blizard, 601 F.2d at 1219-22 (finding no ___ ____ _______ abuse of discretion in denial of recusal motion devoid of factual support).6 A. The Reconsideration Order A. The Reconsideration Order _________________________ Notwithstanding the absence of grounds for recusal under subsection 455(a), it does not necessarily follow that it was proper to reconsider and set aside the recusal order. As a ____________________ dearth of authority on propriety of allowing discovery in support of 455(a) motion and concluding that such discovery is permis- sible in limited circumstances, subject to the requirements of Fed. R. Civ. P. 26). Of course, had there been any substance to the hypothetical suggestion in the El Fenix motion that Fisher might have been consulted by the court in arriving at a decision, a different analysis would be necessary. See 28 U.S.C. 455(b), (e) (re- ___ stricting waiver to grounds coming within 28 U.S.C. 455(a)); see also Liljeberg v. Health Serv. Acquisition Corp., 486 U.S. ___ ____ _________ _______________________________ 847, 859-60 n.8 (1988) (distinguishing subsections 455(a) and (b)). 6Furthermore, the recusal motion may have been rendered infirm by the delay in filing. See, e.g., E. & J. Gallo Winery ___ ____ ____________________ v. Gallo Cattle Co., 967 F.2d 1280, 1295 (9th Cir. 1992) (reject- ________________ ing per se timeliness rule, but finding motion untimely where ___ __ 455(a) and (b)(2) challenge was made after adverse judgment and grounds had been known to movant beforehand: "[t]o hold otherwise would encourage parties to withhold recusal motions pending a resolution"); see also United States v. Kelly, 519 F. Supp. 1029, ___ ____ _____________ _____ 1047-1050 (D. Mass. 1981) (timing of recusal motion is relevant to whether impartiality has "reasonably" been brought into question; "one seeking the disqualification of the judge must do so at the earliest moment after knowledge of the facts demon- strating the basis for such disqualification"), mandamus denied, ________ ______ In re United States, 666 F.2d at 698; see generally 7 James W. ____________________ ___ _________ Moore & Jo D. Lucas, Moore's Federal Practice 63.07[2.-2] (2d ________________________ ed. 1993) ("[A] litigant who is aware of a potential ground of recusal should not be permitted to 'sandbag' that ground, hoping for a satisfactory resolution, but retaining a ground of attack on the judge's rulings.") (citing cases). 12 general rule, a trial judge who has recused himself "should take no other action in the case except the necessary ministerial acts to have the case transferred to another judge." 13A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure 3550 _____________________________ (2d ed. 1984) (citing, e.g., Moody v. Simmons, 858 F.2d 137, 143 ____ _____ _______ (3d Cir. 1988) (holding that recused judge's "power is limited to performing ministerial duties necessary to transfer the case to another judge"), cert. denied, 489 U.S. 1078 (1989)); see also _____ ______ ___ ____ Stringer v. United States, 233 F.2d 947, 948 (9th Cir. 1956) ________ ______________ (similar). Although it may be arguable that this reasoning does not control the distinct question whether an improvident recusal order may be revisited by the recused judge absent a proper waiver under subsection 455(e), we are aware of no authority for such a position. Therefore, we consider it the better part of discretion, for now at least, not to blur the reasonably clear line traced by the extant case law.7 Finally, we consider the status of the district court judgment. As we have stated, see supra at pp. 5-6, the recusal ___ _____ order simultaneously set aside the final judgment entered some three weeks earlier. This ruling, too, was error. ____________________ 7The values secured by 28 U.S.C. 455(a) weigh heavily in our decision. Subsection (a) safeguards not only the litigants' constitutional entitlement to an unbiased adjudication, see Ward ___ ____ v. Monroeville, 409 U.S. 57, 62 (1972) (due process requires that ___________ every case be heard by a "neutral and detached" judge), but the public's perception of the integrity of the judicial process, see ___ H. Rep. No. 1453, 93d Cong., 2d Sess. 5 (1974), reprinted in 1974 ____________ U.S.C.C.A.N. 6351, 6355 (noting that 455(a) "is designed to promote public confidence in the impartiality of the judicial process"). 13 First, a vacatur in these circumstances runs afoul of the general rule that the recused judge should take no further __ _______ action except to enable administrative reassignment of the case. ______ See Wright & Miller, supra, at 3550. Second, the Supreme Court ___ _______________ _____ has made it clear that "[s]ection 455 does not, on its own, authorize the reopening of closed litigation," Liljeberg v. _________ Health Serv. Acquisition Corp., 486 U.S. 847, 863 (1988), and _______________________________ relief from judgment is "neither categorically available nor categorically unavailable for all 455(a) violations," id. at ___ 864-65; see also Russell v. Lane, 890 F.2d 947, 948 (7th Cir. ___ ____ _______ ____ 1989) ("nothing in the language or history of [ 455(a)] suggests that the statute affects the validity of orders the judge made before he recused himself"); cf. Warner v. Rossignol, 538 F.2d ___ ______ _________ 910, 913 n.6 (1st Cir. 1976) (approving action of district court in referring only the damages issues in bifurcated litigation to another judge, where, after presiding over liability phase, district judge had recused himself under 455(a)). Both the need for finality and a common-sense aversion to frittering scarce judicial resources militate against an inflexible rule invalidating all prior actions of a judge disqualified under 455(a). See United States v. Murphy, 768 F.2d 1518, 1541 (7th ___ _____________ ______ Cir. 1985) (pre-Liljeberg case under 455(a), holding that an _________ "appearance of impropriety is not enough to poison the prior ___ _____ acts" of recused judge) (emphasis added), cert. denied, 475 U.S. ____ _____ ______ 1012 (1986). Thus, we vacate the portion of the recusal order which set aside the final judgment previously entered. 14 Our holding that the recusal order disabled the trial judge from further adjudicative responsibility in the present _______ case, requires reassignment to a different judge on remand. See ___ Liteky v. United States, 114 S. Ct. 1147, 1156-57 (1994) (noting ______ _____________ that 28 U.S.C. 2106 empowers an appellate court to require reassignment to a different judge on remand to district court).8 After permitting the parties a reasonable opportunity to supple- ment or amend their postjudgment motions and responses, the district court should consider El Fenix's timely motion for new trial under Rule 59 based not only on 28 U.S.C. 455(a) but on the various substantive challenges asserted in the original motion. III III CONCLUSION CONCLUSION __________ The reconsideration order, and the portion of the ___ _______________ ______ ___ ___ _______ __ ___ recusal order which set aside the final judgment, are hereby _______ _____ _____ ___ _____ ___ _____ _________ ___ ______ vacated. The case is remanded for reassignment and for such _______ ___ ____ __ ________ ___ ____________ ___ ___ ____ further proceedings as may be required, consistent with this _______ ___________ __ ___ __ _________ __________ ____ ____ opinion. _______ SO ORDERED. __ _______ ____________________ 8We in no sense suggest, however, that the mere filing of a recusal motion under section 455 requires that the motion be determined by another judge. 15