Breest v. NH Parole Bd.                    CV-97-586-SD 12/3/97

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW HAMPSHIRE


Robert Breest

    v.                                    Civil No. 97-586-SD

Chairman and Members,
 New Hampshire Parole Board


## O R D E R


Seeking to file a habeas corpus petition, Robert Breest moves for recusal of this judge.  28 U.S.C. § 455(a).[1]

The thrust of the motion is that in considering a recent similar action now pending appeal,[2] this judge refused to initiate disciplinary proceedings against former Assistant Attorney General John Curran.  The motion also alleges that, at some undescribed date, the law firm whereat, prior to 1978, this judge was employed,[3] hired Attorney Curran.  The quantum leap thereafter made is that such employment relation between Attorney

---

[1]28 U.S.C. § 455(a) provides: "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

[2]Petitioner states that the action is now pending in the United States Court of Appeals for the First Circuit as Docket No. 97-2025.

[3]Devine, Millimet & Branch of Manchester, formerly known as Devine, Millimet, Stahl & Branch.

Curran and that firm somehow requires recusal.

The long-established test in this circuit for determining whether a judge's impartiality might reasonably be questioned is

> "whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the litigant filing the motion under 28 U.S.C. § 455, but rather in the mind of the reasonable man."

United States v. Arache, 946 F.2d 129, 140 (1st Cir. 1991) (quoting United States v. Cowden, 545 F.2d 257, 265 (1st Cir. 1976), cert den., 430 U.S. 909 (1977)).

The true facts of the matter are that at no time did this judge ever practice law in association or partnership with Attorney Curran, nor did this judge retain any financial or legal connection with his former firm at any time during which Attorney Curran might have been employed there.[4] When this judge mounted the bench in the summer of 1978, he had received full payment of all sums due and owing him by his former firm, and it was not

---

[4]As indicated, the motion contains no information as to the dates upon which Curran was allegedly employed by the firm, but his employment never occurred during any period while this judge was employed there. And even were the petition to be construed as seeking recusal pursuant to 28 U.S.C. § 455(b), such recusal requires that "a lawyer with whom [the judge] previously practiced law served during such association as a lawyer concerning the matter [in controversy]."

2

until after "a self-imposed cooling off period,"[5] sufficient to insure that all work which had been in progress in the firm while he was there employed had been disposed of, that the judge again began to sit on cases wherein any of the parties was represented by his former firm.

As "no permissible reading of subsection 455(a) would suggest that Congress intended to allow a litigant to compel disqualification simply on unfounded innuendo concerning the possible partiality of the presiding judge," El Fenix de Puerto Rico v. The M/Y Johanny, 36 F.3d 136, 140 (1st Cir. 1994), and as the motion presents no more than such unfounded innuendo, it follows that the motion for recusal must be and accordingly it is herewith denied.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

December 3, 1997

cc:   Robert Breest

_____

[5]See In re Marisol Martinez-Catala, et al, No. 97-1396, slip op. at 18 (1st Cir. Nov. 12, 1997).

3