**Antonio CORDOVA GONZALEZ,
Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. Civ. 97–1672(PG).**

United States District Court,
D. Puerto Rico.

Dec. 16, 1997.

---

Antonoi Córdova González, Miami, FL, pro se.

Guillermo Gil, U.S. Attorney, Hato Rey, PR, for U.S.

### OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

The matter before the Court is Antonio Córdova–González's (Córdova) *pro se* petition requesting the recusal of the undersigned (Docket # 13).

### Facts

Petitioner, Córdova, was disbarred by this Court on May 19, 1992. Córdova appealed that decision and the First Circuit consolidated the appeal with an order to show cause why he should not be disbarred from practice before the First Circuit Court of Appeals. The Court affirmed the district court's decision and furthermore disbarred Córdova from practice before the First Circuit:

> Córdova is a lawyer of some thirty years experience, and no stranger to disciplinary proceedings. *See In re Córdova González,* 726 F.2d 16 (1st Cir.1984); *In re Antonio Córdova–González,* 90 JTS 28 (P.R.1990). His dealings with his client López–Nieves show a lack of consideration for the duty of trust between lawyer and client that finds expression in Model Rule 1.8(a). Standing alone, such a transgression would warrant significant punishment. [citations omitted]. Here, Córdova's misconduct toward his client comes accompanied by his misconduct in the *Cruz* case and his verbal attack upon opposing counsel and the court. Córdova had been warned on at least two occasions, by two different courts, that further intemperate accusations would expose him to disciplinary action. He continued to make vitriolic and, as far as the record shows, unfounded

personal assaults. Attorneys have on a number of occasions been disbarred for such conduct. [citations omitted]. We therefore conclude, that in this case, the punishment is not out of proportion to the offense.

*In re Córdova–González,* 996 F.2d 1334, 1336 (1st Cir .1993).

On November 30, 1994, Córdova was charged in fourteen counts out of an eighteen-count indictment with various drug trafficking crimes and a firearms crime (Cr. Case No. 94–374). He pled guilty to counts 4 and 7: sell, distribute or dispense narcotics; count 5: importation/exportation of marihuana; and count 8: unlawful possession of a firearm which had been transported in interstate commerce. As a result of the plea agreement, counts 1, 2, 3, 6, 10, 11, 14, 15, 17 and 18 were dismissed. On October 20, 1995, he was sentenced to a prison term of 108 months as to counts 4, 5 and 7; 60 months as to count 8, to be served concurrently; SRT for four years as to counts 4, 5 and 7; 3 years as to count 8, to be served concurrently; a fine of $15,000; and SMA of $200.00. Córdova appealed and the First Circuit affirmed the district court's judgment on December 19, 1996. *United States v. Córdova González,* 101 F.3d 106 (1st Cir.1996) (unpublished table decision). The only issue raised by Córdova in his appeal was that the district court erred in imposing a $15,000 fine.

On April 30, 1997, Córdova filed a *pro se* motion to vacate sentence pursuant to 28 U.S.C. § 2255. More than five months later, on October 3, 1997, he filed the petition requesting the recusal of the undersigned in any matter relating to his person. The only matter related to Córdova which is presently before the undersigned is his 2255 motion. Therefore, what the Court must consider now is whether the undersigned should re-cuse himself from consideration of Córdova's 2255 motion to correct and set aide sentence.

### Motion to Recuse

Córdova attempts to obtain recusal of the undersigned on grounds of bias and prejudice.

■ There are two statutes which govern recusal of federal district judges on the grounds of bias, prejudice, or lack of impartiality. 28 U.S.C. §§ 144 and 455.[1] The purpose of these disqualification statutes is to guard against personal, extrajudicial bias or the appearance of partiality arising out of such bias. *In Re: Marisol Martínez Cátala,* 129 F.3d 213 (1st Cir.1997).

■ Under either section 144 or section 455(b)(1) the alleged bias or prejudice must be personal as distinguished from judicial in nature. *In re Cooper,* 821 F.2d 833 (1st Cir.1987); *United States v. Kelley,* 712 F.2d 884, 889–90 (1st Cir.1983). "The point of the distinction is that the bias must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Phillips v. Joint Legislative Comm.,* 637 F.2d 1014, 1019 (5th Cir.1981), *cert. denied,* 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 483 (1982). Under section 455(a) a judge must recuse himself when there is even the appearance of judicial bias. The Tenth Circuit identified factors which will not ordinarily satisfy the requirements for disqualification under section 455(a) as follows:

(1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters, . . . (2) the mere fact that a judge has previously expressed an opinion on a point of law, . . . or has expressed a dedication to upholding the law or a determination to impose se-

---

1. Two statutes govern a motion for disqualification: 28 U.S.C. §§ 144, 455. Section 144 provides, in pertinent part:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

And section 455 provides, in pertinent part:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

vere punishment within the limits of the law upon those found guilty of a particular offense, ... (3) prior rulings in the proceeding or another proceeding, solely because they were adverse, ... (5) baseless personal attacks on or suits against the judge by a party, ... and (7) threats or other attempts to intimidate the judge.... *United States v. Cooley*, 1 F.3d 985, 993·(10th Cir.1993).

■ Disqualification for bias must rest upon a factual basis so as to avoid giving the parties a random veto over the assignment of judges. *United States v. Giorgi*, 840 F.2d 1022, 1034 (1st Cir.1988). A further requirement of motions of recusal is that they must be timely made.

With the standard laid out, the Court now addresses Córdova's claims. Córdova basically alleges that the long sentence imposed upon him in Criminal Case No. 94–374 denotes personal bias of the undersigned. The facts and reasons for his belief that such personal bias and prejudice exist are as follows: (1) his hostile conduct toward the judges of this district prior to the district court disbarment proceedings, and (2) his involvement in the Cerro Maravilla Senate hearings.

### Timeliness of Motions

■ Sections 455 and 144 require that a party raise the issue of disqualification of the judge at the earliest moment after acquiring knowledge of the facts providing a basis for disqualification. *United States v. Hurd*, 549 F.2d 118, 119 (9th Cir.1977); *United States v. Patrick*, 542 F.2d 381 (7th Cir.1976), *cert. denied*, 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977). *See also El Fénix de Puerto Rico v. The M/Y JOHANNY*, 36 F.3d 136, 141 n. 6 (1st Cir .1994) (citing 7 James W. Moore & ·Jo D. Lucas, Moore's Federal Practice ¶ 63.07 [2.–2] (2d ed. 1993) ("[A] litigant who is aware of a potential ground of recusal should not be permitted to 'sandbag' that ground, hoping for a satisfactory resolution, but retaining a ground of attack on the judge's ruling."); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986) (a motion for recusal filed weeks after the conclusion of trial was presumptively untimely absent a showing of good cause for the tardiness).

The acts that give rise to Córdova's belief of personal bias and prejudice occurred in May 1992 (Córdova's disbarment) and some date before May 19, 1992, when Córdova appeared as a witness before the Judiciary Committee of the Senate of Puerto Rico. It is hard to believe Córdova's allegation that he contemplated filing a recusal motion long before his plea in the criminal case but that his attorneys forced him not to. Additionally, he waited six months after having filed his motion to vacate sentence to move for the recusal of the undersigned without showing good cause for his tardiness. However, even assuming that the motion was timely filed, the Court finds Córdova's arguments on his recusal petition to be totally meritless.

### Bias or Prejudice

■ Córdova appears to allege that his "vitriolic and unfounded personal assaults" directed against the undersigned as well as the other judges of this Court caused the undersigned to be "poisoned" against him. A judge is not disqualified by a litigant's intemperate and scurrilous attacks. *United States v. Studley, supra; United States v. Grismore*, 564 F.2d 929, 933 (10th Cir.1977), *cert. denied*, 435 U.S. 954, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978); *In re Martin–Trigona*, 573 F.Supp. 1237, 1243 (D.Conn.1983), appeal dismissed, 770 F.2d 157 (2nd Cir.1985), *cert. denied*, 475 U.S. 1058, 106 S.Ct. 1285, 89 L.Ed.2d 592 (1986).

It has long been established that a party cannot force a judge to recuse himself by engaging in personal attacks on the judge: "Nor can that artifice prevail, which insinuate that the decision of this court will be the effect of personal resentment; for, if it could, every man could evade the punishment due to his offense, by first pouring a torrent of abuse upon his judges, and then asserting that they act from passion...."

*Standing Committee v. Yagman*, 55 F.3d 1430, 1443–1444 (9th Cir.1995) (citing *Respublica v. Oswald*, 1 U.S. 319 (1 Dall.) 319, 326, 1 L.Ed. 155 (1788). *See also United States v. Wolfson*, 558 F.2d 59, 62 (2d Cir.1977) (defendant's unfounded charges of misconduct against judge didn't require disqualification,

because defendant's remarks "only establish[ed his] feelings towards [the judge], not the reverse)."

The First Circuit goes so far as to state that "[J]udges are not disqualified from trying defendants of whom, through prior judicial proceedings, they have acquired a low view." *In re Cooper*, 821 F.2d 833, 844 (1st Cir.1987) (citing *United States v. Phillips*, 664 F.2d 971, 1003–1004 & n: 42 (5th Cir. 1981), *cert. denied sub nom. Meinster v. United States*, 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982)) (judge's statements, made after hearing of defendants' plans to kill him, that defendants had done everything in their power to disrupt the proceeding and had exhibited nothing but contempt for the judicial process, did not exhibit pervasive bias warranting disqualification).

The other factual allegation set forth by Córdova in support of his recusal petition is completely frivolous. In a desperate attempt to obtain recusal of the undersigned, Córdova resuscitates the Cerro Maravilla incident. He states that he was subpoenaed to testify before the Senate of Puerto Rico in relation to the investigation of the Cerro Maravilla incident and that during the hearings the names of several judges were mentioned, including the name of the undersigned. He further states that the undersigned in an unrelated case had imposed a sentence on a member of the police force who happened to be at the site of the Cerro Maravilla sometime after the alleged murder of the youths.

Standing alone, these wholly unsupported irrational and legally speculative allegations do not amount to a description of personal bias and therefore cannot form the basis for recusal. *In re United States*, 666 F.2d 690, 694 (1st Cir.1981).

█ Petitioner Córdova's distorted vision does not permit him to see that the punishments he has suffered are a result of his own doing. First of all, he was disbarred not because of his hostile attitude toward the judges of this district nor due to his testimony in the Senate Maravilla hearings but because of his unethical conduct. *See In re Córdova González, supra.* In a similar sense, in the criminal case the sentence was imposed as a punishment for Córdova's voluntary criminal acts to which he pled guilty, which included drug trafficking violations and transportation of firearms. Córdova appears to claim that the sentence imposed is so severe as to demonstrate the judge's bias. The imposition of a sentence which is very severe, but which is within the statutory spectrum, does not, standing alone, establish the necessary bias and prejudice. *United States v. Conforte*, 457 F.Supp. 641 (D.Nev. 1978), *aff'd* 624 F.2d 869 (9th Cir.), *cert. denied*, 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980); *King v. United States*, 434 F.Supp. 1141, 1145, *aff'd*, 576 F.2d 432 (2nd Cir.), *cert. denied*, 439 U.S. 850, 99 S.Ct. 155, 58 L.Ed.2d 154 (1978); *Knapp v. Kinsey*, 232 F.2d 458, 466 (6th Cir.), *cert denied*, 352 U.S. 892, 77 S.Ct. 131, 1 L.Ed.2d 86 (1956); *United States v. Nehas*, 368 F.Supp. 435 (W.D.Pa.1973). Moreover, the sentence imposed on Córdova is what he bargained for with the government as evidenced by the plea agreement.[2]

### Conclusion

Córdova's petition is replete with speculative, conclusory, suspicious and innuendo-filled allegations wholly unfounded and unsupported. Córdova has not presented evidence of personal bias or prejudice on the part of the undersigned nor has he presented evidence which would cause a reasonable person to question the undersigned's impartiality. *See El Fénix de Puerto Rico v. The M/Y JOHANNY*, 36 F.3d at 140 ("No permissible reading of subsection 455(a) would suggest that Congress intends to allow a litigant to compel disqualification simply on unfounded innuendo concerning the partiality of the presiding judge.").

---

**2.** The penalties provided by law as to counts 4, 5, 7 and 8, to which Córdova pled guilty, were considerably more severe than the term of imprisonment of 108 months, which was the penalty he bargained for and the one imposed by the Court. The penalty for counts 4, 5 and 7 has a term of imprisonment of not less than five years and not more than forty years, a fine not to exceed $2;000,000, and a term of supervised release of at least four years but not more than five. The penalty for count 8 was a term of imprisonment of not more than five years and a fine of not more than $250,000, and a term of supervised release of not more than three years.

When there is no factual basis for disqualification, the judge has just as much an obligation not to recuse himself. *See United States v. Burger,* 964 F.2d 1065, 1070 (10th Cir.1992); *Blizard v. Frechette,* 601 F.2d 1217, 1221 (1st Cir.1979) (A trial judge must hear cases unless some reasonable factual basis to doubt the impartiality or fairness of the tribunal is shown by some kind of probative evidence). Therefore, the undersigned **DENIES** Córdova's petition.

**IT IS SO ORDERED.**