**UNITED STATES of America,**
**Plaintiff,**

v.

**Robert F. KENNEDY, Jr. Dennis**
**Rickey Rivera, Defendants.**

**Crim. Nos. 01–215 HL, 01–217 HL.**

United States District Court,
D. Puerto Rico.

June 29, 2001.

Jorge E. Vega–Pacheco, U.S. Attorney's Office District of P.R., Criminal Division, Hato Rey, PR, for Plaintiff.

Joaquin Monserrate–Matienzo, Hato Rey, PR, Jorge M. Carmona–Rodriguez, Ponce, PR, Harry Anduze–Montano, Roberto Buso–Aboy, Celina Romany Siaca, Noelma Colon–Cordoves, San Juan, PR, James C. Dugan, Benito Romano, Mario Cuomo, Willkie, Farr & Gallagher, New York City, for Defendants.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is Defendants' Motion for Recusal. Dkt. Nos. 23 & 24. Their motion is premised on 28 U.S.C. § 455(a), which reads, "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In their motion, Defendants allege,

> [a]n appearance of partiality exists in this case as the defendants' alleged trespass onto Camp Garcia Naval Installation for the purpose of causing the cessation of military exercises essentially attempted to accomplish, through civil disobedience, the injunctive relief sought in a pending motion before Honorable Judge Laffitte in an environmental case in which defendants were involved.

Dkt. Nos. 23 & 24. In both the pretrial conference and in their Motion for Recusal, Defendants are careful to point out that they make no allegation of actual bias under 28 U.S.C. § 144. Rather, they allege that "an appearance of impartiality" exists.

Defendants go on to explain,

> [a] rational observer would have reason to question the Court's impartiality in connection with the criminal trial of these defendants. One of the defendants, Robert F. Kennedy, Jr., is currently participating as counsel of record in a pending environmental case before

the Court, the facts of which . . . provide the factual setting of the criminal trespass proceeding. The other defendant, Dennis Rivera, is a member of the Waterkeeper's Alliance and is, thus, a party to the environmental lawsuit. Here, a reasonable observer could well conclude that the Court—which will act as the trier of fact in the criminal proceedings—would view the alleged conduct of Messrs. Kennedy and Rivera as a form of impermissible "self help", arrogating to themselves the authority to decide the issues raised in the motion pending in the environmental action. This is especially true because a reasonable observer could conclude that the defendants' alleged trespass on the "Live Impact Area" of Camp Garcia was intended to stop, at least temporarily, the Navy bombing of Vieques—the same relief sought unsuccessfully from this Court in the environmental action. Moreover, in the event that the Court permits defendant to present a necessity defense in the criminal trial, recusal is also appropriate because an objective person with knowledge of the facts could reasonably perceive one of the factual elements of that defense—the defendants' belief that this Court's failure to rule on their preliminary injunction motion prior to the bombing on April 27, 2001 left them with no alternative but to enter the "Live Impact Area" in order to stop bombing—to be an affront to the Court's authority in the pending civil case.

*Id.*

■ Before addressing the case law on § 455(a), the Court shall address the factual scenario that gives rise to Defendants' Motion for Recusal. First, Defendant Robert F. Kennedy, Jr. ("Kennedy") is an attorney in a civil environmental lawsuit currently pending decision by the Court. *See WaterKeeper Alliance, et al., v. United States Dep't of Defense, et al.,* 00–2295(HL). This fact, even when combined with the Court's sixteen-page Opinion and Order denying a request for preliminary injunction by Kennedy's client, simply does not approach the minimum required for recusal under § 455(a). *See* Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure § 3542 (2d ed.1984) (stating, "[n]or is the judge disqualified because he has presided over some other case involving the same party or closely-related facts"). Second, Defendant Dennis Rickey Rivera ("Rivera") is a member of the WaterKeeper Alliance, one of the plaintiffs in *Water-Keeper Alliance.* Once again, the Court's denial of a preliminary injunction for the organization of which Rivera is a member does not require recusal.

■ The case law interpreting § 455(a) is bountiful and clear, and there is no question but that § 455(a) "forbids not only the reality of partiality but its objective appearance as well." *United States v. Snyder,* 235 F.3d 42, 45 (1st Cir.2000). The test under § 455(a) is whether "an objective, knowledgeable member of the public would [have] a reasonable basis for doubting the judge's impartiality." The Court holds that an objective, knowledgeable member of the public would have no reasonable basis for doubting the sitting judge's impartiality in this case.

■ The First Circuit has repeatedly emphasized the considerations weighing against a judge's recusal. "[A] charge of partiality [under 28 U.S.C. § 455(a) ] must be supported by a factual basis [and] a judge considering whether to disqualify himself must ignore rumors, innuendos, and erroneous information . . . ." *El Fenix de Puerto Rico v. M/Y JOHANNY,* 36 F.3d 136, 140 (1st Cir.1994) (quoting *In re United States,* 666 F.2d 690, 695 (1st Cir. 1981)). Further, this Court has held that

"disqualification is not required if an allegation that a judge might not be impartial is only speculative, conclusory, spurious, or vague." *Carbana v. Cruz,* 595 F.Supp. 585, 587 (D.P.R.1984). Fair administration of justice and confidence in the judiciary is eroded by non-recusal where properly mandated, just as it is eroded by recusal based on "unsupported, irrational or highly tenuous speculation." *In re United States,* 666 F.2d at 694. Indeed,

> [n]o permissible reading of subsection 455(a) would suggest that Congress intended to allow a litigant to compel disqualification simply on unfounded innuendo concerning the possible partiality of the presiding judge. Indeed, "[a] trial judge must hear cases unless some reasonable factual basis to doubt the impartiality of the tribunal is shown by some kind of probative evidence."

*Blizard v. Frechette,* 601 F.2d 1217, 1221 (1st Cir.1979) (quoted in *El Fenix de Puerto Rico,* 36 F.3d at 140).

> Were less required, a judge could abdicate in difficult cases at the mere sound of controversy, or a litigant could avoid adverse decisions by alleging the slightest of factual bases for bias. This restricted mandate to disqualify is calculated to induce a judge to tread the narrow path between timidity and tenacity.

*In re United States,* 666 F.2d at 695 (quoted in *El Fenix de Puerto Rico,* 36 F.3d at 141) (internal citations omitted).

■ The First Circuit's case law makes clear that a judge not only need not recuse himself when there is no legitimate charge of partiality or its objective appearance, but a judge *has a solemn duty* to deny a motion for recusal in such situations.

> [J]udges are not to recuse themselves lightly under § 455(a) .... [T]he unnecessary transfer of a case from one judge to another is inherently inefficient and

delays the administration of justice. *See Camacho v. Autoridad de Telefonos de Puerto Rico,* 868 F.2d 482, 491 (1st Cir. 1989) (noting that the judicial system would be "paralyzed" were standards for recusal too low). For these reasons, *"[a] trial judge must hear cases* unless [there is] some reasonable factual basis to doubt the impartiality or fairness of the tribunal." *Blizard v. Frechette,* 601 F.2d 1217, 1221 (1st Cir.1979). Thus, under § 455(a) a judge has a duty to recuse himself if his impartiality can reasonably be questioned; *but otherwise, he has a duty to sit.*

*Snyder,* 235 F.3d at 45–46 (emphasis added).

Finally, the First Circuit has pointed out that a low standard for recusal would allow litigants to engage in a form of judge-shopping. Neither the First Circuit nor this Court looks kindly on such behavior.

> [R]ecusal on demand would put too large a club in the hands of litigants and lawyers, enabling them to veto the assignment of judges for no good reason. Thus, compulsory recusal must require more than subjective fears, unsupported accusations, or unfounded surmise.

*In re U.S.,* 158 F.3d at 30 (1st Cir.1998) (quoted in *Snyder,* 235 F.3d at 45). One of the policies underlying § 455(a) is the recognition that "recusal on demand would provide litigants with a veto against unwanted judges." *In re: Boston's Children First,* 244 F.3d 164, 167 (1st Cir.2001). Further, "there is 'the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking.'" *F.D.I.C. v. Sweeney,* 136 F.3d 216, 220 (1st Cir.1998).

The easiest resolution for the undersigned in ruling on this motion would have

been to seek refuge in the comfort zone of recusal. However, federal judges have a solemn duty to administer justice. They are granted life tenure to insulate them from the pressures that come with ruling on emotionally-charged controversies. The present case is one such instance where a judge's duty to preserve judicial independence requires that the motion for recusal be denied. Thus, the Court holds that an objective, knowledgeable member of the public would have no reasonable basis for doubting the sitting judge's impartiality in this case.

WHEREFORE, the Court hereby denies Defendants' Motion for Recusal.

IT IS SO ORDERED.