Zheng v. Holder

BIA
Vomacka, IJ
A099 353 434

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of January, two thousand fourteen.

PRESENT:
DENNIS JACOBS,
DENNY CHIN,
SUSAN L. CARNEY,
    *Circuit Judges.*

_____

QING ZHENG,
    *Petitioner,*

    v.                                     12-4784
                                           NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:        Gang Zhou, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; David V. Bernal,
                       Assistant Director; Yedidya Cohen,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qing Zheng, a native and citizen of the People's Republic of China, seeks review of a November 16, 2012 decision of the BIA affirming the October 27, 2010 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qing Zheng,* No. A099 353 434 (B.I.A. Nov. 16, 2012), *aff'g* No. A099 353 434 (Immig. Ct. N.Y. City Oct. 27, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications such as Zheng's, which are governed by the REAL ID Act of 2005, *Matter of S-B-*, 24 I. & N. Dec. 42, 45 (BIA 2006), the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility

2

determination on the demeanor, candor, or responsiveness of the applicant[, and] . . . the consistency [of the applicant's] statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

The record supports the agency's determination that Zheng provided inconsistent and implausible testimony concerning her entry into the United States and conviction for visa fraud. Although Zheng testified that she obtained a fiancée visa and married in good faith, the record contains a plea agreement in Zheng's criminal case, which indicates that Zheng knowingly and intentionally entered into a false marriage to procure her visa. Accordingly, the agency did not err in basing the adverse credibility determination, in part, on this inconsistency. *Xiu Xia Lin*, 534 F.3d at 167.

Furthermore, the agency did not err in finding Zheng's testimony that she was unaware of the fraud implausible since Zheng also testified that her family paid a large sum of money to procure the visa. The agency reasoned that it

3

was unlikely that Zheng's family and purported fiancé colluded to smuggle her into the United States and kept up the appearance that Zheng's engagement and marriage was bona fide, all without Zheng's knowledge. As the IJ based this inference on facts in the record as well as common sense, his finding was not in error. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) ("The speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience.").

As the adverse credibility determination alone is dispositive, *see id.* at 170 (relying on the doctrine of *falsus in uno, falsus in omnibus* to find that once an IJ concludes that a document is false, he or she is "free to deem suspect other documents (and disbelieve other testimony) that depend for probative weight upon [the applicant's] veracity.")), we do not reach the agency's alternative bases for denial. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on the issue the decision of which is unnecessary to the results they reach.").

4

Furthermore, the agency did not violate Zheng's due process rights when it declined to consider additional evidence she tried to submit on the day of her hearing, and again with her appeal to the BIA. Zheng received a full and fair opportunity to present her claims. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (holding that due process is violated in removal proceedings when an alien is "denied a full and fair opportunity to present [her] claims"). The case had already been continued, and Zheng was given an ample 45-day filing deadline within which to submit evidence at her master calendar hearing. She did not comply with that deadline. *See* 8 C.F.R. § 1003.31(c) (IJ's are allowed to set filing deadlines and are permitted to reject late filings); *Morgan v. Gonzales*, 445 F.3d 1549, 551 (2d Cir. 2006) (noting that IJ's "are accorded wide latitude in calendar management"). Furthermore, Zheng was not prejudiced by the agency's evidentiary ruling because the additional evidence did not address the underlying credibility problem and therefore would not have altered the outcome in her case. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (noting that aliens must also establish "cognizable prejudice" to succeed on a due process claim).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk