NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WESTERN PLASTICS, INC.,**
*Plaintiff-Cross-Appellant*

**v.**

**DUBOSE STRAPPING, INC.,**
*Defendant-Appellant*

---

2021-1371, 2021-1372

---

Appeals from the United States District Court for the Eastern District of North Carolina in No. 5:15-cv-00294-D, Chief Judge James C. Dever, III.

---

Decided:  February 25, 2022

---

GLENN E. FORBIS, Harness, Dickey & Pierce, P.L.C., Troy, MI, argued for plaintiff-cross-appellant.  Also represented by JAMES BRADLEY LUCHSINGER.

GEORGE THOMAS WILLIAMS, III, McGarry Bair PC, Grand Rapids, MI, argued for defendant-appellant.  Also represented by ANTHONY J. BILLER, Envisage Law, Raleigh, NC.

---

2          WESTERN PLASTICS, INC. v. DUBOSE STRAPPING, INC.

Before MOORE, CHEN, and HUGHES, *Circuit Judges.*[*]

PER CURIAM.

---

[*]     Circuit Judge Newman and Circuit Judge Stoll are recused, taking no position in this decision.  Chief Judge Moore and Circuit Judge Chen replaced Circuit Judge Newman and Circuit Judge Stoll on the panel following the court's initial December 17, 2021 judgment.  DuBose raised a potential conflict of interest in its petition for rehearing.  That potential conflict was identified to the court more than a month after argument and, in fact, after a judgment was entered against DuBose.  Counsel had all of the necessary facts at the time of argument and should have brought the potential conflict to the court's attention at that time.  Delays under these circumstances are the "most egregious." *Pendergraft v. Network of Neighbors, Inc.*, 745 F. App'x 517, 520 (5th Cir. 2018).  As other circuit courts have described, a litigant "should not be permitted to sandbag" the court while "hoping for a satisfactory resolution, but retaining a ground of attack on the judge's ruling." *El Fenix de Puerto Rico v. The M/Y Johanny*, 36 F.3d 136, 141 n.6 (1st Cir. 1994) (quoting James W. Moore & Jo D. Lucas, *Moore's Federal Practice* ¶ 63.07 (2d ed. 1993)); *see also, e.g.*, *Burke v. Regalado*, 935 F.3d 960, 1053 (10th Cir. 2019) ("Most circuits require that [a motion for recusal] be brought 'at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification.' . . . This requirement guards against a party's withholding 'a recusal application as a fall-back position in the event of adverse rulings on pending matters.'") (first quoting *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994); and then *In re IBM Corp.*, 45 F.3d 641, 643 (2d Cir. 1995)).  We expect parties and counsel who appear before this court to have the utmost candor including in issues of potential conflict.

DuBose Strapping, Inc. (DuBose) appeals the district court's denial of its motions for summary judgment and judgment as a matter of law that U.S. Patent No. 8,080,304 ('304 patent) is invalid as obvious under 35 U.S.C. § 103. Appellant's Br. 2, 26. DuBose also appeals the jury's award of lost profits and finding of willful infringement. *Id.* at 2–3, 43, 46. And, DuBose appeals the district court's grant of Western Plastics, Inc.'s (Western Plastics) motions for summary judgment regarding inequitable conduct, written description, and indefiniteness. *Id.* at 52, 62. Western Plastics cross-appeals the district court's denial of attorneys' fees. Appellee's Br. 68. For the following reasons, we *affirm* each of the district court's decisions and the jury's verdict.

DuBose's arguments regarding invalidity, lost profits, and willful infringement amount to asking this court to reweigh the evidence as to these fact-bound matters, but DuBose has not demonstrated that the jury's verdict is unsupported by substantial evidence. Based on our review of the record, in reaching its obviousness conclusion, a reasonable jury could have relied on the relative absence of evidence showing that a skilled artisan would have had a sufficient reason or motivation to combine the prior art references. DuBose similarly argues the merits of inequitable conduct, written description, and indefiniteness without identifying a genuine issue of material fact warranting jury consideration. For example, we agree with the district court that DuBose did not set forth evidence to meet the high standard of establishing that the patent applicant intended to deceive the Patent Office, as required to sustain an inequitable conduct defense. Finally, Western Plastics has not demonstrated that the district court abused its discretion in declining to award fees since a finding of willfulness does not alone compel such a result, and the district court properly analyzed the relevant factors.

We also deny Western Plastics's request for sanctions.

4          WESTERN PLASTICS, INC. v. DUBOSE STRAPPING, INC.

We have considered the parties' remaining arguments and find them unpersuasive.

The parties shall bear their own costs.

**AFFIRMED**